Morris JOSEPH and Anthony Green,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18098.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1960.

Rehearing Denied Jan. 30, 1961.

Irving P. Andrews, Denver, Colo., for appellants.

Joe Tunnell, Asst. U. S. Atty., Paul N. Brown, U. S. Atty., Tyler, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from judgments of conviction for violation of the internal revenue laws relating to narcotics.[1] Joseph was found guilty under ten counts of the indictment and was sentenced to imprisonment for twelve years and fined $100.-00 in each, the sentences to run concurrently. Green was found guilty under five counts and was sentenced to imprisonment for two years under one count and to five years under each of the other four, all sentences to run concurrently. The convictions were based primarily

1. U.S.C.A., Title 26, §§ 4704(a), 4705(a), 4744(a) and 7237(a); Title 21, §§ 174 and 176a.

upon the testimony of an informer, Joe N. Wilson, who was serving a term in the Texas State Prison for violation of the State narcotics laws. Wilson was searched before each purchase and was kept under constant surveillance by the narcotic agents. Their testimony strongly corroborates that of Wilson.

The first insistence upon error is that the district court erred in refusing to instruct the jury that Wilson's testimony should be examined with greater scrutiny and care than the testimony of an ordinary witness. Instead, the district court gave general instructions to the jury as to the credibility to be accorded to the witnesses:

"Now, in weighing the testimony of the witnesses, you should give the testimony of each witness careful scrutiny; consider all of the circumstances under which he or she testified; his or her appearance and demeanor while on the witness stand; his or her apparent candor and fairness or lack thereof; the reasonableness or unreasonableness of his or her story; the interest, if any, he or she has in the outcome of the law suit? (sic) the extent to which he or she is contradicted or corroborated by other credible evidence, and, in short, gentlemen of the jury, any circumstances which tends to shed light upon the credibility of the witness."

Wilson was not an accomplice,[2] and he denied being a paid informer. However, the three narcotic agents testified that Wilson was paid for his services. There was, therefore, ground to suspect his veracity, and the better practice would have been to give a warning instruction.[3] If a proper written request in accordance with Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., had been filed, and if Wilson's testimony had not been corroborated, the cases just cited indicate that it may well have been reversible error to refuse to give the cautionary instruction. This Court has so indicated in dealing with requests to caution the jury as to "accomplice" testimony.[4] In the present case, no written request for the cautionary instruction was filed. Defendants' counsel first objected to such failure at the conclusion of the court's charge. As has been noted, the convictions were not solely dependent on the uncorroborated testimony of the informer, and the court did give correct general instructions to the jury as to the credibility to be accorded to the witnesses.[5] Under such circumstances, it is settled by decisions of the Supreme Court,[6] and of this Court,[7] that the failure of the court to follow the better practice and give the cautionary instruction is not reversible error.

The appellants next complain that the district court erred in instructing the jury as follows:

"Therefore, insofar as Counts 3, 8 and 12 are concerned, gentlemen of the jury, that provisions (sic) of the statute simply means this: that proof of possession of a narcotic drug by the Defendant is sufficient (sic) evidence of itself to authorize the jury to find the Defendant *guilty of selling* such narcotics or

2. Phelps v. United States, 5 Cir., 1958, 252 F.2d 49, 52; United States v. Becker, 2 Cir., 1933, 62 F.2d 1007, 1009.

3. United States v. Becker, 2 Cir., 1933, 62 F.2d 1007, 1009; Fletcher v. United States, 1946, 81 U.S.App.D.C. 306, 158 F.2d 321; Cratty v. United States, 1947, 82 U.S.App.D.C. 236, 163 F.2d 844; United States v. Masino, 2 Cir., 1960, 275 F.2d 129, 133.

4. Phelps v. United States, 5 Cir., 1958, 252 F.2d 49, 52, 53; Walker v. United States, 5 Cir., 1960, 285 F.2d 52.

5. See Harris v. United States, 9 Cir., 1958, 261 F.2d 897, 902.

6. Holmgren v. United States, 1910, 217 U.S. 509, 524, 30 S.Ct. 588, 54 L.Ed. 861; Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442.

7. Pine v. United States, 5 Cir., 1943, 135 F.2d 353; Siglar v. United States, 5 Cir., 1954, 208 F.2d 865, 867; Lyles v. United States, 5 Cir., 1957, 249 F.2d 744, 745.

warrants the jury in finding that said narcotic drug was unlawfully imported into the United States and that the Defendant knew that said narcotc (sic) drug was unlawfully imported into the United States." (Emphasis supplied.)

The statute which the district court had just quoted was the last paragraph of 21 U.S.C.A. § 174.[8]

The appellant Joseph was found guilty of a violation of that statute under Counts 3 and 4 of the indictment, each of which referred to the same date, May 27, 1958, and to the same amount of Heroin Hydrochloride—28.3 grains. Count 3 charged Joseph with *selling* the narcotic to Wilson. Count 4 charged Joseph with *concealing and facilitating the concealment of* the narcotic. Both appellants were convicted under Counts 12 and 13, which similarly charged two separate offenses occurring on June 3, 1958, involving 44.5 grains of Heroin Hydrochloride.

The appellants cite Parmagini v. United States, 9 Cir., 1930, 42 F.2d 721, as holding "that concealment and sale are distinct offenses, though parts of the same transaction." The Government takes the same position:

"It is quite true, and is the Government's theory, that a sale of narcotics and receipt and concealment of the same narcotics constitute two separate and distinct offenses in violation of Title 21, United States Code, Section 174. United States v. Doss, D.C., 66 F.Supp. 243, affirmed 5 Cir., 158 F.2d 95; Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505."

The district court also charged the jury as to Counts 4 and 13 that, "if you find to your satisfaction beyond a reasonable doubt that a defendant had possession of the drugs described in such count you may fnd (sic) the defendant guilty of the offense charged in such count."

Of course, evidence of possession alone would not support conviction and punishment for two separate offenses. In this case, however, that point is academic, for the concurrent sentences imposed upon the appellants would be justified by conviction under any one of the counts.[9] The same consideration renders harmless[10] the claimed lack of rational connection between the appellants' *possession* of the drug and the conclusion that they *sold* the drug.[11] In addition, under the undisputed evidence in this case, the informer turned the narcotics over to the officers, so that if the defendants had pos-

---

8. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,-000.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." 21 U.S.C.A. § 174.

9. See Abrams v. United States, 1919, 250 U.S. 616, 619, 40 S.Ct. 17, 63 L.Ed. 1173; United States v. Weiss, 2 Cir., 1945, 150 F.2d 17, 19.

10. Rule 52(a), Federal Rules of Criminal Procedure.

11. See Yee Hem v. United States, 1925, 268 U.S. 178, 183, 45 S.Ct. 470, 69 L.Ed. 904; Tot v. United States, 1943, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519; Manning v. United States, 5 Cir., 1960, 274 F.2d 926, 929.

session it was at a time prior to that of the informer; and, thus, the rational connection between possession·and sale to the informer is supplied.

 The credibility of the informer was for the jury and the district court to determine. There was no break in the custody of the narcotics from the time the informer made delivery to the officers until they were analyzed by the chemists and later introduced into evidence on the trial. We cannot, therefore, agree with the appellants' final contention that the evidence was not sufficient to support the verdict. The judgments of conviction are

Affirmed.