JONES, Justice:
Appellant was convicted in the Circuit Court of Claiborne County, Mississippi, on two charges originally made and tried in the justice court. The two cases were tried at the same time before the same jury. He was convicted in both, sentenced by the court, and appeals here.
One affidavit was under Laws of 1966, Chapter 384, section 1, now appearing as section 2384.5 in our supplement to the Code of 1942. The other charge was one of trespassing.
Appellant assigns as error the overruling of appellant’s motions for directed verdicts under both charges, it being alleged that the evidence was insufficient to support a conviction in either. It is also contended that the court erred in allowing the trespassing affidavit to be amended. As originally drawn, it included a reference to section 2411 of Mississippi Code 1942 Annotated (1956). At the trial, permission was granted to amend the affidavit by striking any reference to section 2411. The other assignment was that the court erred in overruling appellant’s motion to quash the ve-nire because of alleged systematic exclusion of Negroes from the jury.
The assignments relative to sufficiency of the proof under the affidavits require a discussion of the facts.
Mrs. John C. Bearden testified she was the owner and operator of a mercantile business in the town of Pattison. The store building, owned by her, is a 30 by 60 foot concrete structure facing northeast or northwest. She also owned the land upon which the building was situated. Her merchandise was offered for sale to the general public. The defendant came there in the afternoon of the day in question while the store was open for business. There were two Negro women sitting on the porch of the store, Paralee Segrest and Manarvia Moore, both of whom had been customers of Mrs. Bearden for many years and with whom she was well acquainted. As Mrs. Bearden was standing inside the store, she looked out and saw the defendant on her porch in front of the two women, one of whom was sitting on a bench, and the other lying on a bench. As she watched him, he shook his finger in their faces and was very angry. A Mr. Clark was also in the store. When she arose and went to the door, the defendant stepped off the porch. She asked the women what he had said to them and if they had been fussing or what. The defendant was there and heard what was said. One of the women said he had told them that they had to get off of the “damn bench.” Mrs. Bearden said she then told him “ * * * no, they didn’t have to go anywhere, that he would have to get away from there.” She said she made the mistake of calling him “boy” because she did not know who he was. He then told her “he was no damn boy, he was a goddamn man.” Mrs. Bearden testified that she then told him, “Well, you are going to have to get off this property.” He did not go, so she went to the car and got a gun which was not loaded. She took the gun to the porch, put it inside the door and walked on the porch. He still had not left, and Mrs. Bearden asked Mr. Clark to stay there until she could go call Mr. McCay (the officer). The defendant then walked nearly to the street and told the women “they’d better not be on that goddamn bench when he got back.” He came back to the property twice after she had ordered him to get away. The two women on the porch, Paralee Segrest and Manarvia Moore, were customers at Mrs. Bearden’s store and had been buying groceries. On cross-examination she swore the defendant told them, “You will have to get off this damn porch.” The two women in question had been trading with Mrs. Bearden for the *80 entire 16 years that she had been in the store business. Her building is not enclosed in any manner. On' re-direct she again testified he told the women they were going to have to get off that “damn bench.” Then, after he had gotten off the porch, he turned around and shook his finger at the women and said, “You’d better not be sitting here on that goddamn bench when I come back.”
Mrs. Bearden was followed by Manarvia Moore, who, in addition to what Mrs. Bearden had testified, said the defendant came up and told them to get off of the porch — “didn’t we know that store was boycotted?” Her statement of the ensuing conversation was as follows:
And I told him, “No, I didn’t.” And so he said to me then, he said, “That store — this damn store is boycotted.” So I said, “I didn’t know that.” He said, “Well, it is.” I said, “Being it’s boycotted, why not carry me home?” He said he couldn’t do that.
He further told her that if she did not leave, he would find out where she stayed and he would pay her a visit. She also said the defendant told her daughter (Para-lee Segrest) to “get up off of that goddamn porch” because that store was boycotted. These two witnesses were corroborated by Paralee Segrest and Mr. Clark.
—Amendment of Affidavit-
The affidavit on trespassing charged the facts and then concluded, “Contrary to the provisions of Section 2411 of Volume 2-A Recompiled of the Mississippi Code of 1942, and contrary to the Statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.” There was no charge in the affidavit that the property was enclosed and it was shown on the trial to be unenclosed. However, Mrs. Bearden was the owner of the store building, of the real estate on which it was situated, and of that immediately adjacent thereto. When these facts developed, the court, on motion of the district attorney, permitted the affidavit to be amended by striking out any reference to section 2411, which covers trespassing on the enclosed property of another. As amended, the affidavit was sufficient to constitute willful and malicious trespass under the terms of other statutes of our Code. Miss.Code 1942 Ann. § 2406 (1956).
Amendments to affidavits on proceedings brought from justice court to circuit court are authorized by our Code. Miss. Code 1942 Ann. §§ 1202, 2535 (1956). Under our law all such amendments are liberally allowed. This amendment changed no facts with which the appellant was charged in the affidavit and certainly could not have prejudiced him.
-Motion to Exclude on Trespass-
We think the evidence hereinbe-fore stated was sufficient to show a will-full trespass upon the property of Mrs. Bearden, and that the motion for a directed verdict under said affidavit was properly overruled.
-Sec. 2384.5-
The second affidavit was drawn under section 2384.5, Mississippi Code 1942 Annotated (Supp.1966), which provides for punishment for any person who shall in any manner threaten with bodily harm, intimidate or coerce another person to prevent such person from lawfully trading or carrying on business, including buying or selling. The proof here showed the existence of a boycott against Mrs. Bearden’s store. The two women to whom the appellant addressed his remarks had been customers of this particular store for many years, and they had come there on that very occasion to buy and had purchased groceries. They had traded with Mrs. Bearden for a period of 16 years. No reason except the boycott is shown for his approaching them in a threatening manner, shaking his finger a.t them, demanding that they get off the “damn bench” and off the “goddamn porch,” and also threatening that if they did not he would *81 find out where they lived and come to see them.
Clearly under the facts and circumstances the jury could find that the words and actions of the defendant were threats intended to intimidate and coerce the two persons from trading at this store in question and were in direct violation of this statute. In 86 C.J.S. Threats and Unlawful Communications § 4(a) (1954), it is stated that statutes such as this will be given effect. The gist of the offense is the threatening with the intent or purpose to intimidate. No precise words are needed to convey a threat because it may be done by innuendo or suggestion, and any language which conveys a threat with adequate clearness is sufficient. Any words or acts calculated and intended to cause an ordinarily prudent and firm person to fear an injury to his person or property are sufficient, although the person to whom they are directed need not in fact be intimidated. The law as applicable to the case before us we consider stated in the said citation.
We are convinced that the lower court was correct in overruling the motion for a peremptory instruction.
-Jury Discrimination-
The last issue presented is the motion for a quashing of the venire because of discrimination against Negroes in the selection of the juries in this county. The case was tried at the September 1966 term of the Circuit Court of Claiborne County. At the May 1966 term of that court the case of Watts v. State was tried, and there a motion to quash the jury was made. After taking evidence, the lower court overruled the motion to quash. On appeal to this court, it was held on March 6, 1967, that the motion to quash should have been sustained, and the jury list for 1966 was adjudged invalid. Watts v. State, 196 So.2d 79 (Miss.1967). Of course, the opinion was rendered after the trial of the present case. On the trial of this case there was introduced by agreement a transcript of the evidence taken on the motion in the Watts case and by stipulation it was considered as, evidence here. There was a difference in the composition of the venire at the May term and at the September term. However, we are faced with the fact that the jury list from which the jury was drawn had been held illegal by this Court.
As was said by the Fifth Circuit Court of Appeals in Rabinowitz v. United States, 366 F.2d 34, 59 (1966), the focus of the law is on the list from which the jury is drawn, and not on the composition of any particular jury or grand jury. It has been held that the injury is not limited to the defendant, but that there is injury to the jury system, to the law as an institution, to the community and to the democratic idea reflected in the processes of our courts. Ballard v. United States, 329 U.S. 187, 195, 67 S.Ct. 261, 265, 91 L.Ed. 181, 187 (1946). When the basic jury list is poisoned, the fruits of that list are also infected; and in order to cure the infection, it is necessary to start the process anew. Rabinowitz v. United States, supra. The same jury list having been held invalid by this Court in Watts v. State, the conclusion is inescapable- that the venire in September was also invalid. Water drawn from a polluted stream will itself be polluted.
For this reason, it is necessary that this case be reversed and remanded.
Reversed and remanded.
GILLESPIE, P. J., and INZER, SMITH and ROBERTSON, JJ., concur.