Samuel Edward DEWITT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23505.

United States Court of Appeals
Fifth Circuit.

Oct. 12, 1967.

John L. Wheeler, Chattanooga, Tenn.,
for appellant.

F. D. Hand, Jr., Asst. U. S. Atty.,
Atlanta, Ga., Charles L. Goodson, U. S.
Atty., for appellee.

Before TUTTLE, BELL and SIMP-
SON, Circuit Judges.

PER CURIAM:

The conviction below was by jury ver-
dict under a count charging violation
of Title 18, U.S.C. Section 2313, receiv-
ing and concealing a stolen motor ve-
hicle moving as, constituting, and a part
of interstate commerce from Chattanoo-
ga, Tennessee, to Walker County, Geor-
gia. The appellant was acquitted under
a companion count charging interstate

transportation on the same date, February 9, 1965, of the same motor vehicle, knowing it to have been stolen, under Title 18, U.S.C. Sec. 2312.

Two errors are urged on appeal: (1) the denial by the trial court of a motion to suppress evidence (Rule 41(e), F.R.Crim.P.) seized under a Georgia search warrant executed by Georgia officers, and introduced in evidence at trial; and (2) the failure of the trial court to give a cautionary charge as to the weight to be given accomplice testimony. We affirm.

■ As to the first question, we hold that the search, and the warrant on which it was based met United States constitutional standards as laid down in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. In addition to the matters set forth in the search warrant and the supporting affidavit, the issuing magistrate heard sworn testimony clearly establishing probable cause. See Marshall v. State, 113 Ga. App. 143, 144, 147 S.E.2d 666; Veasey v. State, 113 Ga.App. 187, 147 S.E.2d 515.

■ The testimony of an accomplice was admitted and considered by the jury. No request for a special charge on the weight to be accorded accomplice testimony was made to the District Judge. No such charge was given. No objection was made to the court's charge after it was delivered, although an opportunity to object was afforded counsel by the court in the absence of the jury. (See Rule 30, F.R.Crim.P.). Under these circumstances we would have to conclude that the omission was "plain error" (Rule 52(a), F.R.Crim.P.) in order to reverse the trial court on this ground. Such a conclusion is in our judgment not justified on the record here, in view of the extensive corroboration of the accomplice's testimony and the strong and convincing nature of the proof of guilt by other witnesses. See our cases of Dunn v. United States, 5 Cir. 1963, 318 F.2d 89, 93; Phelps v. U. S., 5 Cir. 1958, 252 F.2d 49, 53;

and Joseph v. United States, 5 Cir. 1960, 286 F.2d 468, 469.

One additional matter requires our notice, although not raised on appeal. The appellant, 22 years of age plus a few months at the time of trial and sentence, was sentenced as a "Youth Offender" [defined, Title 18, U.S.C. Sec. 5006(e) as a person *under* the age of twenty-two years at the time of conviction] under the provisions of Title 18, U.S.C. Sec. 5010(b), as shown by both the formal commitment and the oral pronouncement of sentence by the trial judge following appellant's allocution. A defendant so sentenced, is by the terms of Sec. 5010(b) released under the provisions of Title 18, U.S.C. Sec. 5017(c), which requires mandatory conditional release under supervision within four years and mandatory unconditional release within six years from date of conviction. In orally delivering sentence the trial judge mistakenly informed the appellant that under the Federal Youth Corrections Act (F.Y.C.A.) (Chapter 402, Title 18 U.S.C. Secs. 5005–5026) his release would be mandatory at age twenty-five, which age the appellant will attain October 3, 1968. Probably the trial judge momentarily confused the Federal Youth Corrections Act with the Federal Juvenile Delinquency Act (Chapter 403, Title 18, U.S. C. Secs. 5031–5037) applicable to offenders who have not attained their eighteenth birthday. A juvenile delinquent may be committed only for a period not exceeding his minority (Title 18 U.S.C. Sec. 5034).

■ By its terms, the F.Y.C.A. is applicable *only* to persons under the age of twenty-two at the time of conviction. (Title 18, U.S.C. Sec. 5006(e) supra). As noted, Dewitt was already twenty-two when sentenced. He has been free on bail pending this appeal. However, under the terms of Title 18, U.S.C. Sec. 4209, a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday (called a young adult offender) may be sentenced under the provisions of the F.Y.

**544**

C.A. if the court finds that there is reasonable ground to believe that the defendant will benefit from the treatment provided thereunder. From an age standpoint, the appellant fits this category, and upon appropriate findings by the sentencing judge may be sentenced under these provisions. Upon receiving our mandate, the trial court is directed to have the appellant brought back into court for the setting aside of the sentence as imposed and for the imposition of such further sentence as the trial court may find proper and lawful. If sentence is imposed under Title 18, U.S. C. Secs. 4209 and 5010(b), the requisite findings thereunder should be incorporated in the sentence. This of course should be accomplished promptly upon the going down of our mandate so as not to conflict with the 120 day provisions of Rule 35, F.R.Crim.P.

Affirmed, with directions.