SMITH, Justice:
The Appellant, Robert Earl Northcutt, was indicted, tried and convicted in the Circuit Court of Lauderdale County on a charge of violating House Bill No. 1212, section 3, paragraph (e) appearing as Miss. Laws 1966 ch. 649, section 3 (e) ; Mississippi Code 1942 Annotated section 10265-103 (e) (Supp.1966). He was sentenced to pay a fine of $700 and to serve a term of six months “on the road.” In addition, the court entered judgment against him for $1,800, which was the sum of taxes due plus the penalty provided by the statute.
Several grounds are argued by appellant as requiring reversal.
House Bill No. 1212 provides as follows:
(e) If any person shall engage or continue in any business which is taxable hereunder without having paid said tax as provided herein, such person shall be liable for the full amount of such tax plus a penalty thereon equal to the amount thereof, and, in addition, shall be punished by a fine of not more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for a term of not more than six (6) months, or by both such fine and imprisonment, in the discretion of the Court.
Omitting the formal parts, the indictment charges the offense against the appellant in this language:
That Robert Earl Northcutt in said County, on the 4th day of November, A.D., 1966 did wilfully and unlawfully violate House Bill No. 1212 of the laws of the State of Mississippi, Section 3, Paragraph E, to-wit: By unlawfully and wilfully selling to Sam M. Richardson, Jr., one Yz pint of alcoholic beverage, namely (Old Crow), for $2.50 in lawful money of the United States of America.
Appellant contends that the indictment is fatally defective in that it does not charge that appellant “engaged or continued” in selling whiskey, a business taxable under the statute.
Mississippi Code 1942 Annotated section 2449 (1956), provides:
All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise * * * before the jury shall be impaneled * * * and not afterward * * *.
We consider this objection to the indictment to be for “a defect appearing on the face.”
While inartificially drawn, the indictment charged appellant with acts alleged to be in violation of a certain sub-paragraph of a designated statute and rendered it amendable, if its sufficiency had been challenged by demurrer. However, no demurrer was interposed, the case was tried, and the objection cannot be raised for the first time on appeal. Clark v. State, 206 Miss. 701, 39 So.2d 783 (1949), Suggestion *826 of Error Overruled, 206 Miss. 701, 40 So.2d 591 (1949).
The circumstances which gave rise to the prosecution may be summarized as follows. At about 11:15 on the night of Friday, November 4, 1966, two enforcement agents of the Alcohol Beverage Control Division of the Mississippi State Tax Commission went to the Sky View, a night club, operated by Appellant Northcutt near the City of Meridian. Their duties consisted in the checking out of complaints as to persons alleged to be selling or making whiskey without paying taxes or securing permits as required by the Laws of Mississippi. On the night in question, in the course of their duties, they went into the Sky View, which was open and doing business, and sat down on stools at the bar or counter. There was a band, dancing was going on, and outside there was a patio with tables and chairs. The agents had with them a Jim Beam whiskey bottle, with about two ounces of whiskey in it. They ordered and were served setups with which they prepared drinks at the bar, using the whiskey they had brought with them. Appellant was behind the bar, and when the drinks had been prepared and the bottle was empty, the agents slid it across the bar to appellant, who said to them: “I don’t have any Jim Beam, but I have some Old Crow, if you would like some more whiskey, I can sell you some Old Crow.” The agents finished their drinks and bought from appellant a half pint of Old Crow, for which they paid him $2.50.
It is conceded that appellant had not paid the tax required by the Laws of Mississippi to engage in the business of selling whiskey.
No arrest was made that night, the agents explaining that they wished to remain incognito for the time being, as they continued to check out other establishments in the íeighborhood.
On Sunday afternoon, November 6, one of the agents when before a justice of the peace and obtained a search warrant for the Sky View. On a subsequent search made pursuant to the warrant, the agents found no whiskey on the premises. However, six empty whiskey cases or boxes were found, three from a local whiskey store, and three from “out of State.” These boxes were found back of a small house in the rear of the club, piled either upon or near the garbage heap.
Timely objection was interposed to evidence as to the discovery of the empty cases or boxes. This objection was overruled. Of several grounds assigned it will be necessary to notice only one, that is, the affidavit did not contain a sufficient statement of the facts and circumstances which were relied upon to form the basis of a finding or adjudication by the issuing magistrate that probable cause existed for the issuance of the search warrant.
The affidavit had been prepared by the filling in of a printed form. The form used provided a space, in paragraph 5, for the insertion of a statement of the facts and circumstances relied upon by affiant as constituting probable cause for the issuance of the warrant. The printed portion of paragraph 5 was as follows:
5. The facts and circumstances upon which the court may fairly ascertain the persuasiveness of the facts relied on to show probable cause to establish the foregoing grounds for issuance of a Search Warrant are as follows, to-wit. * * *
This was followed by detailed instructions, stating that it was necessary to set out “the underlying facts and circumstances to enable the issuing officer to fairly ascertain that probable cause exists for the issuance of the warrant.” The printed instructions concluded:
Use factual recitals showing names, places, times and dates, in common-sense, *827 non-technical language. Be specific and give the information in detail.
The space thus provided was not filled in, but was left wholly blank. The result was that there was no statement of any fact or circumstance capable of forming the basis of a finding by the magistrate that probable cause existed for the issuance of a warrant.
The issuance of a search warrant upon such an affidavit was condemned’in O’Bean v. State, 184 So.2d 635 (Miss.1966). In O'Bean this Court quoted from Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and among other things, said:
The standard required by Aguilar, which we are obliged to follow, is that an affidavit seeking a search warrant, though it may be based on hearsay information and need not reflect the direct personal observations of the affiant, must contain some of the underlying facts or circumstances from which a detached and neutral judge can fairly ascertain that probable cause does exist for the issuance of the warrant. 184 So.2d at 638.
We are forced to conclude that evidence of the discovery of empty whiskey cases on the premises of the Sky View was the product of an illegal search, and should not have been admitted. Nor can its admission be said to have been harmless as it was a circumstance tending to support the prosecution’s theory that appellant was engaging or continuing in the business of selling whiskey.
This case is distinguishable from Dewitt v. United States, 383 F.2d 542 (5th Cir. Oct. 12, 1967).
In Dewitt, the court said:
As to the first question, we hold that the search, and the warrant on which it was based met U. S. constitutional standards as laid down in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. (Emphasis added).
Here the affidavit, upon which the issuance of the warrant was based, was wholly devoid of any fact or circumstance alleged to constitute probable cause. This is not a case where the facts and circumstances, stated in the affidavit were merely deficient, but here there was not one word in the affidavit as to probable cause for the issuance of a warrant.
Moreover, in Dezvitt, the court merely added, after holding the search and warrant met the standards required by Aguilar, “In addition to the matters set forth in the search warrant and the supporting affidavit, the issuing magistrate heard sworn testimony clearly establishing probable cause.” (Emphasis added).
In the case now before us, while the agent said that he told the magistrate about having bought a half pint of whiskey on the previous Friday, there is nothing to indicate that he was testifying on oath at the time.
Mississippi Constitution section 23 provides that no search warrant shall issue without probable cause “supported by oath or affirmation.” In this case there was nothing in the affidavit upon which to base a finding of probable cause, and it was incapable of being aided by the unsworn statement of the agent to the magistrate that he had bought a half pint of whiskey at the Sky View two days before. Walker v. State, 192 So.2d 270 (Miss.1966).
Complaint is made as to several instructions granted the prosecution, one of which was as follows:
The Court instructs the jury for the State that if you believe from the evi *828 dence beyond a reasonable doubt that the defendant is guilty as charged in the indictment, then it is your sworn duty to so find, and the form of your verdict will be: ‘We, the Jury, find the defendant guilty as charged.’
This type of instruction was considered and condemned in Shields v. State, 203 So.2d 78 (Miss. Oct. 9, 1967). This instruction should not have been given.
The prejudicial effect of the instruction was heightened in this case by the wording of the indictment to which it referred, as the jury, in order to determine the elements of the crime charged, not only were required to go to the indictment, but further would have found it necessary to read the Mississippi Statute to which the indictment referred.
See also Mabry v. State, 248 Miss. 149, 158 So.2d 688 (1963).
Appellant next contends that the proof established only one isolated sale of a half pint bottle of whiskey, and that this did not constitute a violation of the statute making it a crime to “engage or continue in any business which is taxable hereunder without having paid said tax as provided herein. * * * ”
The evidence in this case showed without dispute that appellant, as the proprietor of a place of business, which was open and doing business, having first supplied “setups” for the preparation of drinks, sold across the counter to a customer a bottle of whiskey, a commodity upon which the tax is levied. In the absence of any countervailing evidence, these facts under the circumstances, warranted the jury in finding that appellant was engaged in the business of selling such commodities.
Neither the number of sales nor the length of time in which the proprietor of an establishment may engage or continue unlawfully in business is controlling. The proof in the record, exclusive of that relating to the empty whiskey cases, was sufficient to take the case to the jury on the factual question of the guilt or innocence of the appellant upon the charge of having violated the statute.
It is argued that the statute provides both a civil liability, amounting to the sum of the tax plus a--penalty equal to the tax, and a criminal penalty or punishment to be imposed upon conviction. It is contended that the trial court was in error in awarding both a judgment against appellant, for the tax and penalty, and in addition, imposing a sentence of fine and imprisonment. We have concluded that it was the legislative intent to make separate provision for the criminal prosecution of offenders and the recovery of the tax and penalty. The trial judge erred in imposing sentence to award judgment against appellant for the tax and penalty in addition to imposing a sentence of fine and imprisonment.
A motion was made to quash the indictment upon the ground of the alleged systematic exclusion of negroes from the grand jury. We have considered the record as made upon the hearing of the motion, the record here having been identical to that in several other cases already passed upon by this Court, and have concluded that the trial court correctly overruled the motion.
Other errors assigned are without merit or are not likely to recur on a retrial of the case. The case will be reversed and remanded for a new trial.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON and ROBERTSON, JJ., concur.