JONES, Justice:
Appellant was indicted, tried, and convicted in the Circuit Court of Copiah County for a violation of section 3(e), House Bill 1212, enacted as Mississippi Laws 1966, chapter 649.
*834 Section 3(e) of this act now appears as section 10265-103 (e) Mississippi Code 1942 Annotated (Supp.l966) and reads:
(e) If any person shall engage or continue in any business which is taxable hereunder without having paid said tax as provided herein, such person shall be liable for the full amount of such tax plus a penalty thereon equal to the amount thereof, and, in addition, shall be punished by a fine of not more than One Thousand Dollars ($1,000.00), or by imprisonment in the county jail for a term of not more than six (6) months, or by both such fine and imprisonment, in the discretion of the court.
Pursuant to the conviction the appellant was sentenced to pay an amount equal to the privilege tax of $1,800.00 plus a penalty of $1,800.00, to pay a fine of $1,000.00, and to serve six months in the county jail. Three months of the jail sentence and $500.00 of the fine were suspended pending good behavior for two years.
The assignments of error argued here are (1) error in overruling demurrer to indictment, (2) error in failing to quash the indictment and the petit jury on ground of racial discrimination in selection, and (3) error in not granting peremptory instruction on the evidence.
The facts are tersely stated. Copiah County prior to the events here involved had voted to come under the provisions of House Bill 112, enacted as Mississippi Laws 1966, chapter 540, known as the “Local Option Alcoholic Beverage Control Law.” Chapter 649 of Mississippi Laws 1966 fixed the privilege taxes to be paid by those engaged in various phases of the liquor business, as well as providing other matters relative to such business.
It was provided by the Local Option Law that permits for operation of such businesses could only issue for the following locations within the county: (1) in incorporated municipalities, (2) qualified resort areas, or (3) certain clubs.
Appellant lived in a rural area where under no circumstances could she have obtained a permit. An enforcement officer of the Alcoholic Beverage Control Division, accompanied by another agent, approached the home of appellant in September 1966 and asked for appellant’s husband. A boy who was visiting the home advised the agent that the husband was away. The agent then sought to buy whiskey from the boy, who said he did not know if there was any whiskey there. After some delay the agent standing at the edge of 'the porch called the boy back and asked him again to sell “them” (him and his companion) some whiskey.
A woman’s voice from the house said, “Tell him all we have got is some pints.” He then asked for a pint. The appellant came to the front screen door and handed out a pint of Old Crow, for which the agent paid $4.50.
The demurrer and the request for a peremptory instruction challenged the sufficiency of the indictment and evidence for failure to allege or prove that appellant was a permittee or licensee against whom the privilege taxes in section 3, House Bill 1212 were levied. She claimed that since she was located where no permit could be issued, the entire act failed to affect her, for she was not charged with a privilege tax.
It will be noted, however, that said section 3(e) is not limited to a permittee or licensee, but specifically applies to “any person.” Nor does it seek to impose a privilege tax on one unlawfully engaging in the whiskey business. The subsection makes it a crime for one to engage unlawfully in such business. It provides punishment for the crime and also a penalty — not a tax — for having unlawfully operated.
In this case the State sought to recover the penalty and to inflict the punishment for the offense in the same action. We think this was error and will later herein modify the judgment so as to eliminate therefrom the sai'd penalty.
*835 The court was correct in overruling the demurrer and denying the peremptory instruction.
It is also argued that the proof of one sale was not sufficient to establish that she was engaging in a business. The evidence shows that appellant said, “[A] 11 we have got is some pints,” that for a while appellant would not discuss the matter because “the man” (the sheriff) was passing, and that the sale was actually made (appellant being identified by the State witness). We think these facts were sufficient to support a finding that she was engaged in business. Northcutt v. State, Miss., 206 So.2d 824, decided October 30, 1967.
It is further claimed that since the business was conducted in the home, the presumption is that the business was exclusively that of the husband, as head of the family. However, if such a presumption should exist, it was overcome by the direct proof that appellant made the actual sale here shown, handling it in all its details.
Appellant moved to quash the indictment and also moved to quash the venire because of alleged racial discrimination in the preparation of the jury list. Appellant insists she made a prima facie case which was unanswered.
Long continued omission of Negroes from jury service establishes a prima facie case of systematic exclusion. The burden of proof is then upon the State to rebut it. Harper v. State, 251 Miss. 699, 707, 171 So.2d 129, 132 (1965).
This is the general rule supported by many authorities.
 It is argued that the list is disproportionate between the populations. In the Harper case, supra, this Court quoted from Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953), where, as in other cases, it was held by the United States Supreme Court that fairness in selection does not require proportionate representation of races upon a venire. It was further held that decided variations between the proportions of negroes to whites on. jury lists and the proportions in population must be both unexplained and long continued to furnish sufficient evidence of systematic exclusion.
In the instant case there was introduced only the jury list made in April 1966, which was to be used one year. This case was tried in the latter part of November 1966.
 This was not sufficient to raise a presumption of discrimination, although some evidence was taken. The court properly held on all the evidence there was no. proof of discrimination.
The sentencing part of the lower court’s judgment reads:
It is, therefore, considered by the Court, so ordered and adjudged that the Defendant, Willie Mae Morris, be and she is hereby sentenced to pay an amount equal to the priviledge [sic] tax of Eighteen Hundred ($1800.00) Dollars, plus a penalty of Eighteen Hundred ($1800.00) Dollars, and to pay a fine of One Thousand ($1,000.00) Dollars, and to serve Six (6) Months in the County Jail. Five Hundred ($500.00) Dollars of the Fine and Three (3) Months of the Jail sentence is hereby suspended pending good behavior for a period of Two (2) Years. (Emphasis supplied)
We are modifying that to read as follows :
It is, therefore, considered by the Court, so ordered and adjudged that the Defendant, Willie Mae Morris, be and she is hereby sentenced to pay a fine of One Thousand ($1,000.00) Dollars, and to serve Six (6) Months in the county jail. Five Hundred ($500.00) Dollars of the fine and Three (3) Months of the jail sentence is hereby suspended pending good behavior for a period of Two (2) Years.
With this modification, the case is affirmed.
All Justices concur.