**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis Emery ROGER, Defendant-
Appellant.**

**No. 72–1011
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1972.

Certiorari Denied Dec. 4, 1972.
See 93 S.Ct. 517.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir. 1970, 431 F. 2d 409, Part I.

Will Gray, Houston, Tex., for defendant-appellant.

Donald E. Walter, U. S. Atty., L. Edwin Greer, Asst. U. S. Atty., Shreveport, La., D. H. Perkins, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The appellant Louis Emery Roger was convicted of knowingly causing to be transported in interstate commerce a stolen tractor in violation of the Dyer Act, 18 U.S.C. § 2312. We affirm the judgment.

On this appeal Roger asks us to hold, first of all, that the district court erred in failing to give the jury a cautionary instruction with respect to the testimony of his accomplice Hubert Cole. Roger made no request at his trial for such an instruction, nor did he object to the instructions which the court gave. He must therefore overcome the heavy burden of showing that the district court committed plain error. Fed.R.Crim.P. 52(b). In similar cases we have found no plain error where the accomplice's testimony was corroborated. Dewitt v. United States, 5 Cir. 1967, 383 F.2d 542; Dunn v. United States, 5 Cir.

1963, 318 F.2d 89; Phelps v. United States, 5 Cir. 1958, 252 F.2d 49; Joseph v. United States, 5 Cir. 1960, 286 F.2d 468. The record shows that Cole's account of his own actions was corroborated by the testimony of Roger's witness Stewart. Another witness, Brandt, supported Cole's account of events at Brandt's garage, where Cole and Roger were attempting to pull the tractor with a truck. The plain error rule, we have said, is "to be invoked only in exceptional circumstances to avoid a miscarriage of justice." Eaton v. United States, 5 Cir. 1968, 398 F.2d 485, 486, cert. denied, 1968, 393 U.S. 397, 89 S.Ct. 299, 21 L. Ed.2d 273. Cole's testimony, uncorroborated, would have been sufficient to sustain Roger's conviction. Williamson v. United States, 5 Cir. 1966, 365 F.2d 12. Given that it was corroborated, we cannot say that its admission without a cautionary instruction was so plainly unjust as to warrant reversal under Rule 52(b).

Roger also objects to the district court's refusal to admit an earlier tape-recorded statement, in which Cole exculpated him, for the purpose of impeaching Cole's testimony. Cole had, however, freely admitted making the statement both on direct and cross-examination, but said that he had made it because of threats from Roger. Admission of the statement would have served no purpose, since it would not have contradicted Cole's testimony. District court judges have broad discretion with respect to the admissibility of evidence. Cotton v. United States, 8 Cir. 1966, 361 F.2d 673, 676. In the circumstances of this case we cannot say that the district court judge abused his discretion by refusing to admit this statement.

Roger raises numerous other contentions on this appeal: that the district court was biased, that the court allowed the government unwarranted scope in cross-examining Roger's witness Stewart, that the court erred in denying a motion for mistrial after Cole inadvertently quoted an allusion of Roger's to his having been in prison, and that the

court erred in failing to instruct the jury that no inference of guilt or innocence should be drawn from Roger's failure to testify. Upon examination of the record we find these contentions to be without merit.

The judgment of the district court is affirmed.