UNITED STATES of America,
Plaintiff-Appellee,

v.

Terry HUDSON, aka Terry, Defendant-Appellant.

No. 73-3730.

United States Court of Appeals,
Fifth Circuit.

July 1, 1974.

Max B. Kogen, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before MOORE *, AINSWORTH and RONEY, Circuit Judges.

* Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

**PER CURIAM:**

Terry Hudson seeks reversal of his conviction for conspiring to import marijuana into the United States in violation of 21 U.S.C.A. § 176a alleging that: (1) the District Court abused its discretion in not granting him a continuance when information he requested in a bill of particulars had not been received prior to trial, and (2) the District Court committed plain error in not instructing the jury to cautiously weigh the testimony of his accomplices. After reviewing the record, we find there was no prejudice in proceeding to trial and that the jury instructions, read as a whole, present no plain error. We affirm.

Hudson was indicted with twelve other defendants for conspiring to unlawfully import marijuana into the United States. Six days prior to trial, the United States Magistrate granted Hudson's motion for a bill of particulars ordering the Government to produce, among other things, the names and addresses of all co-conspirators and the approximate dates, times, and places of the overt acts alleged in the indictment which pertained to Hudson. When the information had not been received by the day of trial, Hudson moved for a continuance. The District Court denied that motion on the ground that the Magistrate should not have granted the motion for a bill of particulars and the defendant should proceed to trial without the Government's producing the required information.

Hudson alleges that the failure to receive the requested information from the Government caught him "completely off guard" and left him "completely unprepared to try this case." We agree that the untimeliness of the District Court's action causes considerable concern and improperly tends to undercut the appropriate reliance that counsel should be able to place on a Magistrate's orders until overruled by the district judge. ■ We find, however, that in this case there was no reversible prejudice to Hudson by the denial of the motion for continuance. Assuming the correctness of the District Court's overruling of the order for a bill of particulars, which action is not challenged on this appeal, the only prejudice that could result from the denial of a continuance would be the lack of available time to obtain from other sources information required of the Government under the Magistrate's order. Our review of the record reveals that the co-conspirators' names were evident on the face of the indictment. Their addresses were readily available through the court files. The dates and places of the overt acts were generally averred in the indictment with sufficient specificity to inform Hudson of the charge against him. Under these circumstances, the defendant could show no substantial prejudice in being required to go to trial.

■ Hudson further alleges that it was error for the District Court not to instruct the jury that accomplice "testimony is always to be received with caution and weighed with great care." United States v. Reid, 437 F.2d 94 (9th Cir. 1971). Six of the nine Government witnesses testifying at Hudson's trial were either accomplices or co-conspirators in his criminal activity. Since no instruction was requested and no objection was made to the instructions given, we are not concerned with whether such an instruction would be appropriate, or required if requested, but whether the failure to give the instruction requires reversal as plain error.

Hudson relies on Tillery v. United States, 411 F.2d 644 (5th Cir. 1969), in which the failure to warn the jury concerning accomplice testimony resulted in a new trial. Tillery, however, is distinguishable from the case at bar on two grounds: (1) the accomplice's testimony was not corroborated in Tillery as it was in the case sub judice; and (2) Tillery was a close evidentiary case where the failure to give the warning may have "turned the scale." We do not believe the evidentiary questions in this case were so close as to require the cautionary instruction under the plain error

standard of review. *See* United States v. Clark, 480 F.2d 1249 (5th Cir. 1973). Considering all the evidence submitted, the fact that the accomplices' testimony was amply corroborated, and that competent counsel did not tender an instruction nor object to the instructions as given at the time of trial, we hold that the jury was not misled by the Court's failure to instruct concerning accomplice testimony and that there was no plain error. United States v. Roger, 465 F.2d 996 (5th Cir.), cert. denied, 409 U.S. 1047, 93 S.Ct. 517, 34 L.Ed.2d 498 (1972); DeWitt v. United States, 383 F.2d 542 (5th Cir. 1967); Dunn v. United States, 318 F.2d 89 (5th Cir. 1963); Joseph v. United States, 286 F.2d 468 (5th Cir. 1960), cert. denied, 372 U.S. 979, 83 S.Ct. 1114, 10 L.Ed.2d 144 (1963); Phelps v. United States, 252 F.2d 49 (5th Cir. 1958).

Affirmed.