PATTERSON, Chief Justice, for the Court:
Convicted as a second offender of possession of intoxicating liquor under Mississippi Code Annotated section 97-31 — 27 (1972), Edward Washington appeals from the Circuit Court of the First Judicial District of Chickasaw County. He argues the court below erred in overruling his motion to suppress evidence (eleven half-pint bottles of gin and three half-pint bottles of whiskey) seized during a search of his home pursuant to a defective warrant detailing insufficient underlying facts and circumstances to provide a basis for a judicial determination of probable cause.
Testifying at the suppression hearing, Justice Court Judge Arthur King described how he summarily issued the warrant:
Q. Who came out there that day to get the search warrant?
A. Mr. Tadpole, Mr. Fred Clark I believe, and the sheriff had called me and told me they was (sic) coming out.
Q. Is that all the sheriff told you when he called?
A. Yes sir.

Q. What did they tell you when they got there?
A. They wanted a search warrant.
Q. Tell you anything else?
A. No sir. I swore them in, asked them did they have probable cause from a responsible source, so help you God, and they said I have.
Q. Did you ask any other questions?
A. No sir.
While Judge King on cross-examination stated that he ordinarily perused the papers presented upon application for a search warrant, he reaffirmed that the officers stated no facts beyond those appearing on the affidavit.
Because a judicial determination of probable cause is essential to the issuance of a search warrant, absent exigent circumstances, not present here, this Court in reviewing the question of compliance with the Fourteenth Amendment’s guarantee against unreasonable searches and seizures must restrict its consideration to the facts presented to Judge King and regard as immaterial facts which were available but not presented. Northcutt v. State, 206 So.2d 824, 827 (Miss.1967); Murphy v. State, 195 So.2d 519 (Miss.1967); Walker v. State, 192 So.2d 270, 273 (Miss.1966); O’Bean v. State, 184 So.2d 635 (Miss.1966). Neither can we consider the fact that the invalid search revealed contraband. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
In the “underlying facts and circumstances” portion of the affidavit, we find only the following: “On the evening of June 17, 1978 about 8:00 I received a call from Deputy Carl Craig that after several observations of Edward Washington over a period of time that he was apparently selling whiskey.” We find this language insufficient as a matter of law to satisfy the standards laid down in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). See United States v. Lyon, 567 F.2d 777 (8th Cir. 1977).
While it is true that search warrant affidavits must be interpreted in a common sense manner with appreciation for the fact that non-lawyers prepare them in the haste of criminal investigations, Meyer v. State, 309 So.2d 161, 165-66 (Miss.1975), it is equally well established that no interpretation may excuse the absence of sufficient underlying facts and circumstances to provide a rational basis for a neutral judicial determination of probable cause. Walker v. *1088 State, supra; O’Bean v. State, supra. The affiant in this case need only have briefly stated in ordinary language the substance of the “observations” which led Deputy Craig to believe probable cause existed to search Washington’s home. Instead, he used the word “apparently” and in so doing left the purportéd underlying facts and circumstances nebulous and conjectural at best.
If the exigencies had been such that a delay in procuring a valid warrant would have created a substantial risk of imminent destruction of contraband or the like, the warrant requirement could have been excused; but where time permits the constitution requires allegations of probable cause supported by a statement of underlying facts or circumstances so that a judicial determination of probable cause might be made. The inconvenience this rule creates for law enforcement officials is mandated by the dictates of the constitution. A supportable finding by the court on the suppression hearing that the officers acted in “good faith” does not alone fulfill the constitutional requirement.
In view of our opinion on the motion to suppress we" do not reach the other assignments of error.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.