**Jack Wayne LYLES, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16735.**

United States Court of Appeals
Fifth Circuit.

Dec. 10, 1957.

Rehearing Denied Jan. 30, 1958.

William H. Scott, Jr., Houston, Tex., for appellant.

Malcolm R. Wilkey, U. S. Atty., Gordon J. Kroll, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

Charged in a one count indictment with transporting in interstate commerce, in violation of Sec. 2314, Title 18 U.S.C., $22,000 in United States currency, knowing it had been stolen, defendant was convicted on evidence consisting in large part of the testimony of two women accomplices.

Appealing from the judgment and sentence, defendant is here, under five specifications of error, insisting in effect (1) that because, as he claims, there was no corroboration of the accomplice testimony, a judgment of acquittal should have been, and should be, directed, and (2) that, if not, the case was submitted on improper or inadequate instructions on the matter of corroboration, and the judgment should be reversed because of errors of commission and omission in the charge in respect of corroboration.

Briefly summarized, the four errors claimed under No. 2 above are: (1) the charge to the jury that it could consider whether there was corroboration of the accomplice testimony; (2) the failure of the court to instruct the jury, at defendant's request, that the testimony of the accomplice was uncorroborated as matter of law; (3) its failure to charge that the testimony of one accomplice could not corroborate the testimony of the other; and (4) the failure to give in charge to the jury defendant's requested charge No. 2, that too much reliance should not be placed on the accomplice testimony unless the jury found it to be corroborated by other evidence

connecting the defendant with the act of guilt.

■■ On its part, appellee invokes the established rule in the federal courts that it is not for the judge but for the jury to say whether the testimony of witnesses is entitled to credence and should be believed, Beland v. U. S., 5 Cir., 100 F.2d 289, Banks v. U. S., 9 Cir., 147 F.2d 628, and that "while received with caution and weighed with great care, uncorroborated testimony of an accomplice is to be accorded whatever credibility the trier of fact may think it deserves." Doherty v. U. S., 9 Cir., 230 F.2d 605. Citing the uniform holding of the federal courts, that it is not necessary to a conviction on the testimony of an accomplice that the testimony be corroborated and that a refusal to instruct as to the value of the testimony of an accomplice is not error for which a judgment should be reversed; Diggs v. U. S., 9 Cir., 220 F. 545; affirmed 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442; and reaffirmed in Pina v. United States, 9 Cir., 165 F.2d 890, 891; it insists that, in the light of the evidence in the case and of the court's careful and painstaking charge, particularly with respect to accomplice testimony, defendant's appeal is completely without substance, indeed frivolous. We agree.

■ The basic fallacy of defendant's contentions as to the necessity of corroboration, and particularly of his reliance upon the dictum in Holmgren v. United States, 217 U.S. 509 at page 524, 30 S.Ct. 588, 54 L.Ed. 861, as requiring such a charge to be given upon pain of reversal if it is not, is completely exposed and swept away in Judge Garrecht's opinion in the Pina case, supra. Because it is, we will attempt no labored argument here. Saying only that the evidence was not only sufficient to take the case to the jury, but that, considered as a whole, it was credible and convincing and that the charge of the court on accomplice testimony was completely, indeed more than, fair to defendant, we will content ourselves with the state-

ment of the law as that opinion sets it forth [165 F.2d 891]:

"This court has held that refusal to give an instruction regarding the credibility of an accomplice is not reversible error. In Diggs v. United States, 9 Cir., 220 F. 545, 552, 553, Judge Gilbert said:

" 'First. A refusal to instruct as to the value of the testimony of an accomplice is not error for which a judgment should be reversed. * * * and it is believed that no court, state or federal, has held that it is reversible error to refuse to caution the jury to scrutinize with care the testimony of an accomplice. * * *

" 'In the present case the court instructed the jury that the evidence must be such as to satisfy their minds beyond a reasonable doubt and to a moral certainty, and said that they should take into consideration the character and conduct of each witness, his relation to the controversy and to the parties, his expressed or apparent bias or partiality, the reasonableness or unreasonableness of the statements he makes, and all other elements which tend to throw light upon his credibility.'

"In affirming the judgment of this court in the Diggs case, supra, the Supreme Court, in 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168, used the following language: 'It is urged as a further ground of reversal of the judgments below that the trial court did not instruct the jury that the testimony of the two girls was that of accomplices, and to be received with great caution and believed only when corroborated by other testimony adduced in the case. We agree with the circuit court of appeals that the requests in the form made should not have been given. In Holmgren v. United States, 217 U.S. 509, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778, this court

refused to reverse a judgment for failure to give an instruction of this general character, while saying that it was the *better practice* for courts to caution juries against too much reliance upon the testimony of accomplices, and to require corroborating testimony before giving credence to such evidence. *While this is so, there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them.*' (Authorities cited.) (Emphasis supplied.)

"This doctrine has been followed in other circuits. Referring to the caution against the testimony of accomplices, Judge Learned Hand, in United States v. Becker, 2 Cir., 62 F.2d 1007, 1009, said: 'The warning is never an absolute necessity. It is usually desirable to give it; in close cases it may turn the scale; but it is at most merely a part of the general conduct of the trial, over which the judge's powers are discretionary, like his control over cross-examination, or his comments on the evidence. If he thinks it unnecessary—at least when, as here, the guilt is plain—he may properly refuse to give it. Such we understand to be the upshot of the decisions. (Many cases cited.)'

"The same rule has been adopted 'even in cases where the confederate appears for the prosecution motivated by hope of immunity'. Weaver v. United States, 8 Cir., 111 F.2d 603, 608. Cf. Wellman v. United States, 6 Cir., 297 F. 925, 933, 934."

We add only particular reference to Stoneking v. United States, 8 Cir., 232 F.2d 385, at page 391; United States v. Bucur, 7 Cir., 194 F.2d 297, at page 305; Haakinson v. United States, 8 Cir., 238 F.2d 775, at page 779; Gormley v. United States, 4 Cir., 167 F.2d 454, at page 457; McClanahan v. United States, 5 Cir., 230 F.2d 919, at page 922; and that a thorough examination of the citations in Shepard's Notes to the Holm-

gren case and the multitude of cases citing the Diggs case, show not a single divergence from the rule of the latter case, nor any case where a reversal was ordered for the failure to give the so-called Holmgren charge.

The judgment is affirmed.