Wilson **LOCKETT**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23618.

United States Court of Appeals Fifth Circuit.

March 29, 1967.

Rehearing Denied April 28, 1967.

Jos. P. Manners, Miami, Fla., for appellant.

James O. Murphy, Jr., Asst. U. S. Atty., Donald Bierman, Asst. U. S. Atty., Miami, Fla., for appellee.

Before PHILLIPS,* COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The single question raised by appellant is the sufficiency of the evidence upon which he was found guilty by a jury of Counts One and Six (of an original eleven-count indictment of which nine counts charged appellant) of violation of the Internal Revenue Laws relating to non-tax paid liquor, and sentenced to consecutive terms of imprisonment for three years and one year for the respective violations. Count One charged possession of an unregistered distillery set up (Title 26, U.S.C., Secs. 5197(a) and 5601(a) (1)); Count Six charged possession of specified property (the component parts of a distillery) intended for use in violating the Revenue Laws (Title 26, U.S.C., Sec. 5686(a)). At the time the case went to the jury Counts One, Four, Five and Six remained as to appellant, the remaining Counts as to him having been abandoned by the government and dismissed by the Court.

Originally named as co-defendants were one Jackson and one Spencer. Prior to trial Jackson entered a guilty plea to Count Six, the misdemeanor count, and the remaining counts as to Jackson were abandoned. The appellant and Spencer went to trial on their pleas of not guilty, with the result already delineated as to appellant.

Although the government called a total of ten witnesses to the stand, the testimony of Jackson was in essential particulars the sole reliance for conviction. He was corroborated in slight details by the other witnesses. Neither appellant nor Spencer offered any evidence. The case went to the jury under concededly proper instructions, including a full and complete "accomplice charge".

The sufficiency of the evidence was properly raised by motions for judgment of acquittal and by motion for new trial. Appellant urges that minor inconsistencies in the testimony of other government witnesses, and their failure to observe some of the matters related by Jackson were contradictions of Jackson's testimony, and that this, coupled with Jackson's self interest in receiving favorable consideration, presents circumstances re-

* Of the Tenth Circuit, sitting by designation.

quiring reversal. The contention is that Jackson's testimony is uncorroborated as to the elements of the offense and is in some respects impeached.

 The weight to be given the testimony of Jackson was correctly left to the jury. We view the claimed contradictions as usual and to-be-expected variations and affirm, under the rule, well-settled in the federal Courts, that the uncorroborated testimony of an accomplice is sufficient to support conviction. See Lyles v. United States, 249 F.2d 744 at 745, C.A. 5, 1957; Audett v. United States, 265 F.2d 837, C.A. 9, 1959.

Affirmed.