Jimmie O. WOOTEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23877.

United States Court of Appeals
Fifth Circuit.

July 6, 1967.

Certiorari Denied Nov. 6, 1967.

See 88 S.Ct. 302.

Jimmie O. Wooten, pro se.

Thomas K. McWhorter, Asst. U. S.
Atty., Charles L. Goodson, U. S. Atty.,

Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES and DYER, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction under 18 U.S.C.A. § 472, for one count of passing, uttering and selling three counterfeit twenty-dollar Federal Reserve Notes to Beecher E. Bowers and Thomas E. Garner, and for a second count of possession of twenty similar banknotes. We affirm.

The sole issue presented in this appeal is whether the appellant's arrest without a warrant was illegal, so that the twenty counterfeit banknotes which were then seized and the appellant's confession made shortly thereafter were inadmissible evidence. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

The trial court denied the appellant's motion to suppress filed pursuant to Rule 41(e), F.R.Crim.P., and the banknotes and confession were admitted in evidence, following which the jury found the appellant guilty as charged.

The Government's evidence in opposition to the motion to suppress was as follows: on February 19, 1966, Bowers was arrested by Atlanta, Georgia, police for passing a counterfeit twenty-dollar bill at a "Hamburger King" establishment. Agent A. G. Vial of the United States Secret Service learned of the arrest on the next night, a Sunday, whereupon he interviewed Bowers. Bowers informed Agent Vial that he and a second person (Thomas E. Garner) had obtained the counterfeit money from a man, name unknown, who operated a store in Scottdale, Georgia, which is about fifteen miles from Atlanta. Bowers agreed to introduce Agent Vial to the man so that Vial could attempt to buy some more of the counterfeit money. The next day, when Agent Vial took Bowers to Scottdale, they went to the store. There a woman, who was later identified as the appel-

lant's wife, informed them that the man who ran the store would be back later that day. When Vial and Bowers returned about three hours later Bowers positively identified the appellant, Wooten, as the man from whom they had obtained the counterfeit money. When Agent Vial and Bowers walked up to Wooten, Bowers "froze" and then, in violation of his instructions, he asked Wooten, "Do you have any counterfeit money?" When Wooten answered, "I don't know what you're talking about," Agent Vial identified himself to Wooten as a Secret Service agent, placed him under arrest, and advised him of his rights. Wooten had been standing in the front door of his store, and immediately after he was arrested two other Secret Service agents searched the store at Vial's request. These agents found the twenty counterfeit twenty-dollar bills in a paper sack which was taped under the store counter near the cash register.

The appellant began making his oral confession about five minutes after Agent Vial brought him into his office in Atlanta, and it was reduced to writing and sworn to immediately thereafter. Agent Vial testified that the appellant made his confession freely and voluntarily, and after having been advised fully of his rights as is required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). No contrary contention is now urged by the appellant.

Agent Vial explained that he had not intended to arrest the appellant when he did; he had planned to make purchases of the counterfeits from Wooten, "to get to the source of the money." Vial testified that he decided to arrest Wooten after he denied knowledge of counterfeit money, based on Bowers' positive identification of Wooten, because he knew that defendants Bowers and Garner were soon going to be arraigned before the United States Commissioner, following which they could post bail and warn Wooten. Secret Service Agent Evans testified at the trial that the agents knew that counter-

feit banknotes of the type here involved had been uttered in the Atlanta area during the recent past, and that they were from a printing of some $490,000 printed in Buford, Georgia, in the Spring of 1965.

Section 3056 of Title 18 of the United States Code provides in part that "In the performance of their duties under this section, * * * agents of the Secret Service are authorized to make arrests * * * for any felony cognizable under the laws of the United States if they have reasonable grounds to believe that the person to be arrested has committed or is committing such felony. * * * "

Probable cause for an arrest without a warrant can be less than full proof that would sustain a conviction for a criminal offense. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Elkanich v. United States, 9 Cir. 1964, 327 F.2d 417, cert. denied 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186; Rogers v. United States, 5 Cir. 1964, 330 F.2d 535, cert. denied 379 U.S. 916, 85 S.Ct. 265, 13 L.Ed.2d 186. The Supreme Court said in Draper, 358 U.S. at page 313, 79 S.Ct. at page 333, that "Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. Carroll v. United States, 267 U.S. 132, 162 [45 S.Ct. 280, 69 L.Ed. 543]."

The appellant contends that there was no probable cause for his arrest because Beecher Bowers was an informer of untested reliability, citing Draper v. United States, supra; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); and Wong Sun v. United States, supra. Those cases show, *inter alia,* that information which has been provided by a reliable, tested informant goes further toward establishing probable cause than that provided by one of unknown reliability. Cf. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (U.S. Mar. 20, 1967); Newcomb v. United States, 9 Cir. 1964, 327 F.2d 649, cert. denied 377 U.S. 944, 84 S.Ct. 1350, 12 L.Ed.2d 307 (tip from an unnamed informant, of unknown reliability, corroborated by other information, constituted probable cause for arrest and search without a warrant).

Information, however, which comes from a known perpetrator of a federal felony, concerning another who is involved with him, is entitled to greater weight than mere hearsay information concerning an alleged offense. Bowers' inculpatory admissions to Agent Vial, together with the other evidence of Bowers' guilt, gave credence to his positive identification of Wooten as the man who supplied him with the counterfeit money which he had uttered on the previous day. Bernard v. United States, 5 Cir. 1966, 360 F.2d 300, cert. denied 385 U.S. 867, 87 S.Ct. 130, 17 L.Ed.2d 94; Thomas v. United States, 8 Cir. 1960, 281 F.2d 132, cert. denied 364 U.S. 904, 81 S.Ct. 239, 5 L.Ed.2d 196. Agent Vial had sufficient evidence to have sustained a verdict of guilty on count one of the indictment against the appellant at the time he arrested him. See Lockett v. United States, 5 Cir., 374 F.2d 883, decided on March 29, 1967. (The uncorroborated testimony of an accomplice is sufficient to support a conviction.)

When Bowers alerted Wooten to the impending danger of having his criminal activities made known to a third person, Agent Vial was required to act immediately. He obviously did not have sufficient time in which to obtain a search or arrest warrant without incurring the risk that the appellant would flee or would dispose of any counterfeit money remaining in his possession. Since the arrest was made upon probable cause to believe that the appellant had committed a felony, it was legal although made without a warrant. It

follows that the additional counterfeit money discovered in the incidental search, and the appellant's subsequent confession, were not rendered inadmissible by the arrest of the appellant.

The record shows that the appellant was accorded a fair trial at which the Government adduced abundant proof of his guilt. No error appearing, the judgment of the district court must be affirmed.

Affirmed.