215 So.2d 898 (1968)
Bernie LUDWIG, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-37.
District Court of Appeal of Florida. Third District.
November 26, 1968.
Rehearing Denied December 19, 1968.
*899 Gerald Kogan, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Melvin Grossman, Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
The appellant was tried by the court and found guilty of knowingly buying, receiving or aiding in the concealment of stolen property in contravention of § 811.16, Fla. Stat., F.S.A. The evidence admitted at trial was seized at the appellant's apartment by officers armed with a search warrant. On this appeal Ludwig attacks rulings of the trial court which: (1) sustained the validity of the search warrant; (2) sustained the validity of the seizure of property not specifically described in the search warrant.
The issuance of the warrant was based on the affidavit of a Dade County Deputy Sheriff. The deputy swore, among other things, that an inspector of the Tampa Police Department informed him that a named individual had informed him (the inspector) that he had participated in a jewelry theft and thereafter had sold specifically described pieces of jewelry to the appellant at the appellant's apartment in Coral Gables. The deputy made no allegation as to the reliability of the inspector or of the person who had informed the inspector. A circuit court judge issued a search warrant authorizing appropriate law enforcement officers to search the appellant's apartment for specifically described jewelry  the same jewelry which had been specifically described in the affidavit  and to seize it. The affiant deputy and other officers served the search warrant upon the appellant and searched his apartment. They did not find any of the jewelry described in the warrant. However, they did find and seize other property which had not been specifically mentioned in the search warrant but which the officers believed to be stolen property. The appellant's conviction was based on this seized property.
The appellant contends first that:
"AN AFFIDAVIT FOR A SEARCH WARRANT THAT IS BASED UPON INFORMATION RECEIVED FROM AN INFORMANT MUST ALLEGE THE RELIABILITY OF THE INFORMANT BEFORE A VALID SEARCH WARRANT CAN BE ISSUED."
In United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the Court, through Mr. Justice Goldberg, stated:
"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity *900 once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.
"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the `underlying circumstances' upon which that belief is based. See Aguilar v. Texas [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723]. * * * Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (Emphasis added.) 380 U.S. at 108, 109, 85 S.Ct. at 746.
We conclude that the portion of the foregoing statement we emphasized does not require an affiant to allege that his informant is reliable because the affidavit involved in the Ventresca case (Appendix, 380 U.S. at 112-116, 85 S.Ct. 741) does not include such an allegation. We therefore hold that a valid search warrant may be issued even though the affidavit upon which it is based does not include an allegation that the affiant has received his information from a reliable source. We think the requisite "reason for crediting the source of the information" may be inferred from the allegations in the affidavit and the other circumstances of a given case. Cf. Wooten v. United States, 380 F.2d 230 (5th Cir.1967), cert. denied, 389 U.S. 942, 88 S.Ct. 302, 19 L.Ed.2d 294.
The next point concerns the legality of the seizure of the property not mentioned in the search warrant. As a general rule, law enforcement officers may not lawfully seize property unless it is specifically described in a search warrant as being the object of the search and seizure. The appellant recognizes that contraband (e.g., narcotics, gambling paraphernalia, stolen goods) is a class of property excepted from this rule. He argues that before law enforcement officers may classify goods as being stolen property, hence contraband, and hence subject to the exception to the general rule, they must know that the goods are stolen. We cannot agree.
A law enforcement officer may lawfully seize a person without an arrest warrant "When he has reasonable ground to believe that a felony has been * * * committed and reasonable ground to believe that the person to be arrested has committed * * it." § 901.15(3), Fla. Stat., F.S.A. If a law enforcement officer may lawfully seize a person without knowing that he has committed a felony or that a felony has in fact been committed, the officer may surely seize property without knowing it is stolen, if he has probable cause (or reasonable ground)[1] to believe it is stolen property. It is inconceivable that the law provides greater protection to the property of an individual than it does to his liberty. We therefore hold that a law enforcement officer conducting a search under a valid search warrant may lawfully seize property not specifically described in the warrant if he has probable cause to believe it to be stolen property. He does have such *901 probable cause if a reasonable man knowing all the facts the officer knows would believe under all the circumstances that the property is stolen property. See Rogers v. State, 158 Fla. 582, 30 So.2d 625 (1947).
The following excerpt from a pre-trial hearing clearly demonstrates that the officers in the case before us had probable cause to believe the property seized at the appellant's apartment was stolen property:
"Q [By Defense Counsel] Why did you take that property which was not described in your warrant?
A The reason we took this property and impounded it is because there was a large quantity of items among the property which bore initials or names which were not either the name of the person in whom the apartment was listed, H.L. Sadaka, or  excuse me  A.V. Sadaka or, the occupant, Bernie Ludwig and, therefore, we felt that we had probable cause or reason to believe that this property was stolen.
"There were also a large quantity of silverware and fur coats. Among the fur coats there were items which had out-of-town addresses or labels. Some had no labels. Some had the names or initials of other persons which were not the same as those of either Sadaka or Ludwig, including one which is listed on page 8, a light and dark brown fur-type jacket, with brown lining and flowered design with initials, `M.R.W.', bearing label of Kreuger's, New Orleans.
"We had reason to believe that possibly this might be the same as taken from a burglary which occurred in New Orleans on February 11, 1966, at the residence of Joseph Steiner and we seized it for the purpose of identification."
Affirmed.
NOTES
[1] The terms are synonymous. See Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925).