Robert Harry DAVIS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26128.

United States Court of Appeals Fifth Circuit.

May 14, 1969.

Francis P. Maher, Laredo, Tex., court-appointed, for appellant.

Morton L. Susman, U. S. Atty., James R. Gough, Ronald J. Blask, Malcolm R. Dimmitt, Asst. U. S. Attys., Houston, Tex,. for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and SKELTON, Judge of the Court of Claims.*

SKELTON, Judge:

Acting on a telephone tip, customs officials from Laredo, Texas, arrested Eugene Smith, Lester Perzanowski, Maxine Green, and the appellant, Robert Davis. Subsequently, these four suspects were charged in an indictment of three counts:

I. Smuggling marihuana into the United States at Laredo, Texas, in violation of 21 U.S.C. § 176 (a) [176a] (1964).

II. Transporting and facilitating the transportation and concealment of said marihuana in violation of 21 U.S.C. 174 (1964).

III. Failing to pay the transfer tax on said marihuana, in violation of section 4744(a) (2) of the Internal Revenue Code of 1954.

Smith and Perzanowski, who were arraigned on Count III only, pleaded guilty and were given five year suspended sentences under the Federal Youth Corrections Act, 18 U.S.C. § 5005 (1964). Thereafter, they testified for the prosecution at the trial of appellant Davis and Miss Green, and, although Miss Green was acquitted, their testimony was no doubt influential in bringing about appellant's conviction on Counts I and II (Count III was dismissed). Davis received a sentence of five years on each Count, to be served concurrently. Since it is not disputed that Perzanowski was the one who brought the marihuana across the border, the appellant's guilt was predicated upon 18 U.S.C. § 2 (1964), the "principals" statute.

Appellant's first specification of error is that the trial court committed reversible error in admitting into evidence highly prejudicial hearsay testimony. At the trial, customs official Glasener testified that after he received a telephone call from an informer, he posted a lookout at the bridge on the Mexican border with instructions to watch for a particular car bearing three men and a woman. The appellant contends that Glasener's testimony concerning the action he took pursuant to the telephone conversation necessarily divulged to the jury the message he was given by the informant. Thus, appellant contends, hearsay was erroneously admitted into evidence.

■ This court has recently defined hearsay as "a statement made by an unavailable declarant and offered for the truth of the matter in the statement." Brown v. United States, 5 Cir. 1968, 403 F.2d 489, 491. Viewed in the light of this definition, Glasener's testimony cannot be regarded as hearsay. He did not attempt to tell the jury what someone told him. Glasener's reference to the telephone call was made merely to establish the existence of an investigative lead which precipitated the surveillance and subsequent arrest of the appellant and his friends. The testimony was not offered for the purpose of showing that the informant told Glasener of the defendants' smuggling activities and that the information so related was true. Thus, the testimony which the appellant designates as hearsay fails to qualify as such under either component of the definition of hearsay as enunciated in Brown, supra. That is, Glasener's tes-

* Sitting by designation as a member of this panel.

timony did not seek to introduce a statement made by an unavailable declarant. Nor was it offered for the truth of a statement made by an unavailable declarant. Consequently, hearsay was not erroneously admitted into evidence.

Furthermore, the jury was given specific instructions during the course of the trial that Glasener's testimony was not to be interpreted as evidence of what he was told by the informer. Judge Connally admonished the jury as follows:

THE COURT: I do not believe it is hearsay. He has not undertaken to tell us what someone told him. He may tell us, in my judgment, that he received information as a result of which he stationed a lookout and was looking for a car bearing a certain license or carrying one person or five people or something like that. I will overrule that objection.

\* \* \* \* \* \*

Let me give you ladies and gentlemen this qualifying instruction. You will not consider this testimony as tending to show what information Mr. Glasener got. He may not tell us what someone told him by telephone or otherwise for that matter. He is not undertaking to do so. You will not thus interpret or give his testimony the effect of telling you what information he received. You may consider what he did, if he did post a lookout and if he was looking for a particular car, he may tell us that, but you will not construe that as meaning that some unidentified person told him that over the telephone.

Because of the above explanation, it is highly unlikely that the jury accepted as true any implications made by Glasener concerning the information he received over the telephone. The testimony which appellant terms "highly prejudicial" was more harmless than prejudicial. This is especially true in view of the abundance of more important, incriminating evidence which existed in this case. And, since we have earlier shown that Glasener's testimony was not hearsay, appellant's assertion of error is directed toward competent evidence of inconsequential value. The trial court did not commit error in exposing the jury to such evidence.

■ Appellant's second specification of error assigns as reversible error the failure of the trial judge to caution the jury about the reliability of the testimony of the accomplices, Smith and Perzanowski. Since this contention necessarily involves the factual determinations of the jury, any analysis of appellant's position must begin with the general rule that the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to sustain it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Appellant argues, however, that substantial evidence was lacking in this case because he was convicted solely on the uncorroborated testimony of accomplices. Even if we accept, *arguendo*, the appellant's position that the testimony of Smith and Perzanowski was not corroborated by any real evidence, we cannot agree that the trial court erred in failing to warn the jury that accomplice testimony should be scrutinized with special care because of its proclivity for untrustworthiness. In determining whether there was substantial evidence to support the jury's verdict, the general rule in federal courts is that a conviction may rest on the uncorroborated testimony of an accomplice[1] if it is not in-

1. Caminetti v. United States (Diggs v. United States, and Hays v. United States) 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1917); Holmgren v. United States, 217 U.S. 509, 524, 30 S.Ct. 588, 54 L.Ed. 861 (1910); Wooten v. United States, 5 Cir. 1967, 380 F.2d 230, cert. denied, 389 U.S. 942, 88 S.Ct. 302, 19 L.Ed.2d 242 (1967); Lockett v. United States, 5 Cir. 1967, 374 F.2d 883; Smith v. United States, 5 Cir. 1965, 343 F.2d 539, cert. denied, 382 U.S. 861, 86 S.Ct. 122, 15 L.Ed.2d 99 (1965); Peel v. United States, 5 Cir. 1963, 316 F.2d 907, 911, cert. denied, 375 U.S. 896, 84 S.Ct. 174, 11 L.Ed.2d 125 (1963); Joseph v. United States, 5 Cir. 1960, 286 F.2d 468, cert. denied, 372 U.S. 979, 83 S.Ct.

credible or otherwise unsubstantial on its face.[2] It is the better practice, however, to caution juries against too much reliance upon the testimony of an accomplice and to require corroboration before giving credence to such evidence.[3] Although the giving of such an instruction is within the court's discretionary powers, the failure to give the warning may constitute reversible error in close evidentiary situations. See Tillery v. United States, 5 Cir. 1969, 411 F.2d 644.

 When the facts of the instant case are examined under the above criteria, it is obvious that the trial court did not err in failing to charge the jury on accomplice testimony. Initially, there is nothing incredible or unsubstantial about the testimony of the two accomplices, Smith and Perzanowski. Each gave substantially the same, believable account of the group's activities in bringing marihuana into the United States from Mexico. Their testimony formed a sufficient basis for the jury to convict the appellant, and the jury's decision as to Davis' guilt must remain undisturbed. We are not confronted with a situation, as in *Tillery, supra,* where the credibility of incriminating accomplice testimony was in doubt because of previous contradictory statements regarding the crime made by the accomplice. Neither Smith

nor Perzanowski indicated in any way that they were not responsible witnesses. Thus, the jury could properly consider their testimony without the benefit of the court's traditional caveat concerning accomplice testimony.

We have heretofore accepted, *arguendo,* the appellant's assertion that he was convicted solely upon uncorroborated accomplice testimony. However, a review of the record in this case reveals that the testimony of Smith and Perzanowski was corroborated by the circumstances of the arrest. The evidence established without a doubt that the appellant and the accomplices were together in the car which concealed the marihuana at the time of the arrest. Additionally, the appellant was shown to have been in Mexico with the accomplices immediately prior to the arrest. Thus, despite his arguments to the contrary, the appellant was not convicted solely on uncorroborated accomplice testimony, as was the defendant in *Tillery.*

Because of the corroboration noted above, we were not compelled to discuss the law regarding convictions on uncorroborated accomplice testimony. Rather, we could have relied exclusively upon the substantial evidence rule enunciated in *Glasser, supra.* But because of the superficial similarities between the instant

1114, 10 L.Ed.2d 144 (1963); Walker v. United States, 5 Cir. 1960, 285 F.2d 52; Lyles v. United States, 5 Cir. 1957, 249 F.2d 744, cert. denied, 356 U.S. 931, 78 S. Ct. 773, 2 L.Ed.2d 761 (1958); Siglar v. United States, 5 Cir. 1954, 208 F.2d 865, 867, cert. denied, 347 U.S. 991, 74 S.Ct. 854, 98 L.Ed. 1125 (1954); Burton v. United States, 5 Cir. 1949, 175 F.2d 960, 964, cert. denied, 338 U.S. 909, 70 S.Ct. 347, 94 L.Ed. 560 (1950); Pine v. United States, 5 Cir. 1943, 135 F.2d 353, 355, cert. denied, 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 439 (1943); Osborne v. United States, 8 Cir. 1965, 351 F.2d 111, 118; Williams v. United States, 8 Cir. 1964, 328 F.2d 256, 259, cert. denied, 377 U.S. 969, 84 S.Ct. 1651, 12 L.Ed.2d 739 (1964); Haakinson v. United States, 8 Cir. 1956, 238 F.2d 775, 779; Nilva v. United States, 8 Cir. 1954, 212 F.2d 115, cert. denied, 348 U.S. 825, 75 S.Ct. 40, 99 L.Ed. 650 (1954); Marcella v. United States, 9 Cir. 1960, 285 F.2d 322, cert.

denied, 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961); Lyda v. United States, 9 Cir. 1963, 321 F.2d 788, 794; Audett v. United States, 9 Cir. 1959, 265 F.2d 837, cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62 (1959); McQuaid v. United States, 1952, 91 U.S.App. D.C. 229, 198 F.2d 987, cert. denied, 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715 (1953); Pina v. United States, 9 Cir. 1948, 165 F.2d 890.

2. See Osborne v. United States, *supra;* Williams v. United States, *supra;* Haakinson v. United States, *supra;* and Lyda v. United States, *supra,* footnote 1.

3. See Holmgren v. United States, *supra;* Caminetti v. United States, *supra;* Smith v. United States, *supra;* Joseph v. United States, *supra;* Walker v. United States, supra; Audett v. United States, *supra;* and McQuaid v. United States, *supra,* footnote 1.

**1130**

case and the *Tillery* case, also handed down today, we have directed much of this opinion toward the accomplice testimony issue in order to distinguish the two cases. As we have already demonstrated, there are two important differences in the instant case, which require a result contrary to that reached in *Tillery*. First, the accomplice testimony is not incredible or otherwise unsubstantial on its face; and second, there is corroboration of the accomplice testimony by other evidence in the record.

For the foregoing reasons, we hold that hearsay was not erroneously admitted into evidence and that the trial judge did not commit error in failing to caution the jury about the reliability of accomplice testimony. The judgment below is affirmed.

Affirmed.