415 F.2d 390
 UNITED STATES of America, Libellant-Appellee,
v.
An ARTICLE OF DRUG Consisting of 572 Boxes More or Less, of an Article LABELED in part: (BOX) "FURESTROL VAGINAL SUPPOSITORIES * * *" the Norwich Pharmacal Company, Claimant-Appellant.
 No. 26926. Summary Calendar.
 United States Court of Appeals Fifth Circuit.
 July 25, 1969.
 Rehearing Denied September 3, 1969.
 
 George M. Hopkins, Atlanta, Ga., Robert H. Becker, Norwich, N. Y., Kleinfeld & Kaplan, Washington, D. C., Newton, Hopkins & Ormsby, Atlanta, Ga., of counsel, for appellant.
 Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., Allen L. Chancey, Jr., Acting U. S. Atty., William W. Goodrich, Asst. Gen. Counsel, Joanne S. Sisk, Atty., Dept. of Health, Education & Welfare, Washington, D. C., for appellee, of counsel.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of this Court and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.
 
 
 2
 The Food, Drug and Cosmetic Act[1] requires that drugs shipped in interstate commerce be tested by the Food and Drug Administration unless they are "generally recognized among experts * * * as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof".[2] This case turns upon the applicability of the quoted statutory language to "Furestrol Vaginal Suppositories", a drug manufactured by Norwich Pharmacal Co. of Norwich, New York. Federal officers seized an interstate shipment of the drug at Atlanta in April 1965 under process issued by the district court. Norwich filed claim to the shipment as its owner. This condemnation proceeding followed.
 
 I.
 
 3
 The sole issue, as the parties agreed below, was whether Furestrol fits the statutory definition of a new drug, that is, one that is "not generally recognized" by qualified experts as "safe and effective" for the designated use. The district court held that Furestrol was not so recognized. We affirm that holding for the reasons set out in the district court's opinion, reported at 294 F.Supp. 1307.
 
 II.
 
 4
 On appeal, Norwich raises several points with respect to the conduct of the trial.
 
 
 5
 A. The district court allowed each side to present only three expert witnesses. Two experts testified for the Government and three testified for the company. Norwich argues that the witness limitation, despite the apparent authorization in Fed.R.Civ.P. 16(4), prejudiced it in this case by allowing the Government, with only two witnesses, to make expert opinion appear evenly split. Both sides agree that the nature of expert opinion about Furestrol, and not its actual safety or effectiveness, is the ultimate fact issue. See AMP, Inc. v. Gardner, 2 Cir. 1968, 389 F.2d 825. Norwich asserts that absent the witness limitation, it might have been able to over-whelm the Government in numbers of expert witnesses. This argument ignores the fact that medical experts can, and in the present case did, testify not only to their own views about a drug, but to the state of reputable opinion-at-large within their field. See Research Laboratories, Inc. v. United States, 9 Cir. 1948, 167 F.2d 410, 416. Thus the limitation upon Norwich's witness did not put the company in a bind, even though the Government had two witnesses on its side. Norwich still had the opportunity to elicit testimony about the consensus of medical views, an opportunity it exploited without success. The district court simply credited the Government's witnesses rather than Norwich's witnesses.
 
 
 6
 B. A second evidentiary ruling controverted by Norwich was the court's refusal to admit into evidence an informal poll taken by Dr. Paul Kearns, a Norwich witness, which would tend to show the acceptance of Furestrol's compound by experts in the field. The poll consists of letters and statements made to Dr. Kearns by doctors known to him as qualified. The court excluded this evidence as hearsay. Norwich argues that the statements were not offered to show the truth of what they state, i. e. that Furestrol is safe, but rather to show that the statements were made, which, says Norwich, is the fact at issue.
 
 
 7
 This Court has recently had occasion to repeat the definition of hearsay:
 
 
 8
 `a statement made by an unavailable declarant and offered for the truth of the matter in the statement." Brown v. United States, 5 Cir. 1968, 403 F.2d 489, 491, cited in Davis v. United States, 5 Cir. 1969, 411 F.2d 1126.
 
 
 9
 If, therefore, the making of the statement is itself the critical legal fact, and if the truth of its contents are not at issue, the statement should be admitted. An obvious example would be testimony as to the making of a treasonable or seditious statement. Here, however, the doctors' statements were not offered merely to show that the doctors had made them, but rather to show that the doctors held the opinions that they said they did. The statute focuses upon holding an opinion, and the declarations proffered were meant to show that the doctors do hold that opinion. Norwich, in effect, presented the extrajudicial statement "I believe that Furestrol is safe" to show the truth of the statement, i. e. that the doctor speaking did hold the stated belief. The hearsay rule forbids such presentation, since the speaker is not in court to testify to his own opinion, and the district court properly excluded it.
 
 
 10
 C. Norwich further argues that the court erred in refusing to admit certain letters and memoranda written by employees of the FDA and unearthed by the company in pre-trial discovery. These documents evidenced the Government's conflicting positions on Furestrol over a period of time. They did not, however, relate to the sole fact controverted at trial, whether experts "generally recognized" Furestrol as safe and effective. The court did not err in excluding the documents as irrelevant.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 21 U.S.C. § 301 et seq
 
 
 [2]
 21 U.S.C. § 321(p) (1)