**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hershel HOLLON, Defendant-Appellant.**

**No. 28020**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1969.

Earl Gillian, Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma, Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Defendant Hershel Hollon was tried by a jury and convicted of a violation of 26 U.S.C. § 5601(a) (1) for having "in his possession or custody, or under his control, any still or distilling apparatus set up which is not registered, as required by section 5179(a)". We affirm.

Eddie Stoudemire and Jessie Morris Stoudemire, father and son, were apprehended as they were leaving the whiskey still, carrying jugs of non-tax paid whiskey. The still presented no signs of registration. The Stoudemires were driving a 1951 International pick-up truck which had been sold by one Robert S. Kohn to the appellant Hollon, although the bill of sale had been made out to someone else. The Stoudemires testified that they were operating the still for the appellant, that he came to their home,

told them that the still was ready to run, and asked them to run it. Furthermore, they obtained the pick-up truck from a gravel pit behind Mr. Hollon's house.

■ This evidence was sufficient to support the conviction. The jury was entitled to infer that he who employs men to operate an illicit distillery and supplies a pick-up truck in furtherance of that employment, is in custody and control of the still.

■ No search warrant was required for a search in open fields, constituting neither the house of the defendant nor the enclosure surrounding it, Hester v. United States, 265 U.S. 57, 59, 44 S.Ct. 445, 68 L.Ed. 898 (1924); Hodges v. United States, 5 Cir., 1957, 243 F.2d 281, 283.

■ We are likewise compelled to reject the contention that evidence of guilt must be corroborated by something more than testimony of an accomplice, Wooten v. United States, 5 Cir., 1967, 380 F.2d 230; Lockett v. United States, 5 Cir., 1967, 374 F.2d 883.

■ Lastly, appellant objects to that part of the closing argument of the prosecutor in which he said that "the kingpins, the big boys, the guys that own the still, always use still hands". The objection in the court below was couched as follows, "I object to his referring to Mr. Hollon as being a kingpin or hiring still hands when there has been no evidence whatsoever". The argument on appeal is that referring to Hollon as a kingpin was an improper insinuation or argument where the facts were not in evidence. There was evidence that Hollon did secure the services of the Stoudemires. The trial court explained to the jury, in overruling the objection, that the assertion was merely argument of counsel. This conviction may not be reversed on account of this incident, Taylor v. United States, 5 Cir., 1960, 279 F.2d 10, 12.

Affirmed.