**Bernie LUDWIG, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 30585**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 25, 1970.

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Bernie Ludwig, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., Melvin Grossman, Arden Siegendorf, Asst. Attys. Gen., Miami, Fla., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

**PER CURIAM:**

Without an evidentiary hearing the District Court denied Bernie Ludwig's petition for habeas corpus. We affirm.

Ludwig levels an attack upon his conviction in the Criminal Court of Record of Dade County, Florida, for receiving stolen property. Upon direct appeal the conviction was affirmed. Ludwig v. State, Fla.App.1968, 215 So.2d 898, cert. denied Fla., 225 So.2d 536, cert. denied 396 U.S. 927, 90 S.Ct. 261, 24 L.Ed.2d 225, rehearing denied 396 U.S. 1030, 90 S.Ct. 546, 24 L.Ed.2d 527.

We attach hereto, as an exhibit to this opinion, the Order of the District Court, which is hereby affirmed for the reasons therein set forth.

We likewise attach a copy of the affidavit for the search warrant, which clearly met the requirements of the Constitution.

Affirmed.

## EXHIBIT A

### ORDER DENYING PETITION

This cause is before the Court on the Petition for Writ of Habeas Corpus filed by Bernie Ludwig. The Court has received the Response of Respondent and the Reply of Petitioner and is otherwise fully advised in the premises.

Petitioner presents two grounds in support of his petition.

(1) Admission of evidence obtained by an illegal search and seizure; and

(2) A search warrant, issued pursuant to an affidavit based upon information received from an informant, failed to allege the reliability of the informant.

Petitioner's first contention is that his conviction was based on seized evidence that was not described in the search warrant in question. Although the Supreme Court has soundly condemned the issuance of general search warrants, the law is clear that a law enforcement officer does not have to ignore stolen property observed during the

execution of a valid search warrant. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1339 (1947); Gurleski v. United States, 405 F.2d 253 (5th Cir., 1968).

"There is no logical or constitutional reason, in the absence of any showing of unreasonableness, why the fruits of such a discovery should not be admissible evidence. The Supreme Court, speaking through Mr. Justice Frankfurter, spoke logically and directly to this issue when it said:

" 'When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that it was not one of the things it was his business to look for.' Abel v. United States, 362 U.S. 217, 238, 80 S.Ct. 683, 697, 4 L.Ed.2d 668 (1960)." 405 F.2d at 258.

The Court finds that the seizure in question met the tests of being reasonable, in good faith and not an unwarranted invasion of privacy. Kremen v. United States, 353 U.S. 346, 77 S.Ct. 828, 1 L.Ed.2d 876 (1957). In light of the authorities previously cited, the Court finds that there was probable cause to seize the unspecified objects and that therefore their admission into evidence was proper.

■■ Petitioner next contends that the search warrant, issued pursuant to an affidavit based upon information received from an informant, failed to allege the reliability of said informant and was therefore unconstitutional.

In United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), the Court recognized that the Fourth Amendment's commands, like all Constitutional requirements, are practical and not abstract.

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reasons for crediting the source of the information is given, and when a magistrate has found probable cause, the Courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense manner." 380 U.S. at 109, 85 S.Ct. at 746, 13 L.Ed.2d at 689.

In assigning weight to the element of an informer's tip in a finding of probable cause, the test is whether:

"A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way." Spinelli v. United States, 393 U.S. 410 at 417, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 at 645.

In the case at hand, the officer who swore out the affidavit included a substantial number of details, including the fact that informant had not only stolen [the articles described in] the affidavit, but had personally attended the sale to petitioner at a location specified in the affidavit. After a careful study of the affidavit and the authorities cited, the Court feels that the magistrate had probable cause to issue the warrant. It is therefore

Ordered and adjudged that Bernie Ludwig's Petition for Writ of Habeas Corpus be and the same is hereby denied.

Done and ordered at Miami, Florida this 26th day of June, 1970.

C. CLYDE ATKINS
United States District Judge

EXHIBIT B

#66-3086 & 66-3087

AFFIDAVIT FOR SEARCH WARRANT

Filed Mar. 22, 1966

J. F. McCracken, Clerk

STATE OF FLORIDA⎱
⎰ ss
COUNTY OF DADE

Before me, JAMES LAWRENCE KING, one of the Circuit Judges of the 11th Judicial Circuit of Florida, personally appeared JOSEPH FERNANDEZ, Deputy Sheriff, Dade County, Florida, who first being duly cautioned and sworn according to law, upon his oath deposes and says that he, JOSEPH FERNANDEZ, The Affiant, has received information from Antonio P. Guerra, through Inspector Bland of the Tampa, Florida, Police Department, that stolen jewelry, that is to say, jewelry stolen from the residence of Kent McKinley, 203 South Washington Drive, Sarasota, Florida, on March 9, 1966 and described as one diamond earring, Tiffany, one sapphire, diamond and platinum flexible bracelet, one twin pear shaped ring containing one pink diamond and one white diamond, two sapphire and diamond clips containing forty sapphires and thirty baguette diamonds-one round diamond, one ruby emerald, one necklace containing one aquamarine stone weighing 24.53 carats and other assorted jewelry, is being stored on the premises known and described as Apartment #113 located within a three story apartment building, color off-white with red barrel tile roof. This apartment building is located at 333 University Drive, Coral Gables, Dade County, Florida; and that Apartment #113 is located on the first floor of the above described apartment building. The above described apartment is listed on the U. S. Postal Office Mail Box in the names of H. L. Sadacca and A. V. Sadacca. The above described apartment building is also known as the San Sebastian Apts.

The Affiant further states that Inspector Bland contacted him on March 13, 1966 and stated that Antonio P. Guerra had admitted his participation in the above mentioned theft. The Affiant further states that Inspector Bland was told by Guerra that Guerra had traveled to the above mentioned premises in Coral Gables, Florida and that in his presence, in Apartment #113, the jewelry stolen from McKinley was sold to a person known only to Guerra as Bernard Ludwig for $23,000.

The Affiant further states that Bland was told by Guerra that the resident of this apartment is a person known only to him as Ben and that Ben is a partner of Bernard Ludwig in the operation of the Pan Am Jewelry Exchange, Miami, Florida.

The Affiant has good reason to believe, and does believe, that stolen jewelry, that is to say, jewelry stolen from the residence of Kent McKinley, 208 South Washington Drive, Sarasota, Florida, on March 9, 1966 and described as one diamond earring, Tiffany, one sapphire, diamond and platinum flexible bracelet, one twin pear shaped ring containing one pink diamond and one white diamond, two sapphire and diamond clips containing forty sapphires and thirty baguette diamonds-one round diamond, one ruby and diamond bracelet, diamond and emerald ring containing two diamonds and one emerald, one necklace containing one aquamarine stone weighing 24.53 carats and other assorted jewelry, will be found on the aforesaid premises and the aforesaid premises are being unlawfully used for the purpose of storing stolen jewelry.

Wherefore, Affiant prays that a search warrant be issued according to law.

/s/ JOSEPH F. FERNANDEZ
Affiant

Sworn to and subscribed before me this 13 day of March, A.D. 1966.

/s/ JAMES LAWRENCE KING
Judge of the Circuit
Court of the 11th Judicial
Circuit of Florida in and for
the County of Dade