## UNITED STATES

v.

Airman First Class William O. WESTMORELAND, FR 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 Headquarters, 22d Combat Support Group Fifteenth Air Force (SAC).

ACM 21835.

U. S. Air Force Court of Military Review.

31 Oct. 1975.

Appearances: Appellate counsel for the Accused: Colonel William E. Cordingly and Major Bruce R. Houston. Appellate counsel for the United States: Colonel C. F. Bennett and Captain Alvin E. Schlechter.

## DECISION

FORAY, Judge:

Upon trial by general court-martial with members, the accused was found guilty, contrary to his pleas, of six offenses of selling heroin and one offense of using heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to confinement at hard labor for eighteen months, forfeiture of $200.00 per month for eighteen months and reduction to the grade of airman basic. The United States Disciplinary Barracks, Fort Leavenworth, Kansas, was designated as the place of confinement.

Appellate defense counsel invite our attention to twenty-three errors submitted by the accused with his request for appellate representation and they have asserted an additional issue. Since the errors submitted by the accused were adequately discussed in the review of the staff judge advocate or are without merit, further discussion of them is not considered necessary. The one error asserted by appellate defense counsel warrants our discussion. Counsel contend:

THE MILITARY JUDGE ERRED, TO THE PREJUDICE OF THE APPELLANT, BY FAILING TO INSTRUCT, *SUA SPONTE,* ON THE WEIGHT TO BE ACCORDED ACCOMPLICE TESTIMONY.

Before the court-martial closed in order for the members to deliberate on the findings in this case, a session was held in accordance with Article 39(a), *Code,* supra, wherein the military judge advised counsel and the accused of the instructions he proposed to give the members. The military judge did not propose, nor did he later give, any cautionary instruction concerning the weight to be accorded the testimony of certain witnesses whom appellate defense

counsel claim were accomplices. At the trial, counsel for the accused were twice given the opportunity to request the military judge to give instructions in addition to those he had proposed and then given. They failed to make any request for an instruction regarding accomplice testimony.

It is claimed that certain witnesses who had purchased heroin from the accused were culpably involved in the offenses with which the accused was charged. Their participation in the offenses as purchasers would classify them as accomplices of the accused. *United States v. Allums,* 5 U.S.C.M.A. 435, 18 C.M.R. 59 (1955); *United States v. Petrie,* 40 C.M.R. 991 (A.F.C.M.R. 1969).

 The uncorroborated testimony of an accomplice given at the trial of an accused cannot be the basis of a conviction if that testimony is "self-contradictory, uncertain, or improbable." Manual for Courts-Martial, 1969 (Rev), paragraph 153*a.* When an accomplice testifies adversely to the accused, his testimony is to be considered with great caution even if it is apparently credible and apparently corroborated. In an appropriate case, those rules should be included in the general instructions given by the military judge to the members of the court-martial. Manual for Courts-Martial, supra, paragraph 153*a* ; *United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972). Failure of trial defense counsel to request the cautionary instruction concerning accomplice testimony ordinarily is regarded as a waiver of the issue if asserted at the appellate level. *United States v. Gilliam,* 23 U.S.C.M.A. 4, 48 C.M.R. 260 (1974); *United States v. Diaz,* supra; *United States v. Schreiber,* 5 U.S.C.M.A. 602, 18 C.M.R. 226 (1955). But, it is clear that in certain cases where the defense has failed to request an instruction concerning the effect of accomplice testimony, a duty is imposed upon the military judge to so instruct *sua sponte. United States v. Gilliam,* supra. This obligation exists in those cases where an accomplice's testimony is of "pivotal importance" to the successful presentation of the Government's case. *United States v. Gilliam,* supra;

*United States v. Lell,* 16 U.S.C.M.A. 161, 36 C.M.R. 317 (1966); *United States v. Stephen,* 15 U.S.C.M.A. 314, 35 C.M.R. 286 (1965). In *Gilliam,* the Court of Military Appeals noted that

. . . such situations are exceptional, that is to say, that the failure of counsel to request such an instruction is fatal to his argument on appeal unless the circumstances are such that this Court must act to prevent a manifest miscarriage of justice. Typically, the situation presented is one in which the accomplice is the crucial prosecution witness on whose credibility the outcome of the case hinges.

Crucial to the appellant's claim is our disposition of the question as to whether the situation in this case was exceptional and, therefore, obligated the military judge to instruct the court members *sua sponte* on accomplice testimony. If we find that to be the situation, we must then take action to prevent a manifest miscarriage of justice. (9 Cir. 1963).

 Whether reversible error was committed by the military judge in not giving a *sua sponte* instruction concerning the caution to be accorded accomplice testimony depends on all the circumstances of the case and the conduct of the trial as a whole. *United States v. Stephens,* supra; *Starks v. United States,* 316 F.2d 45 (9 Cir. 1963).

Important, we think, to our consideration of the issue here, is the defense of alibi offered by the accused at the trial. The evidence submitted by him in support of the defense tended to show that it was not physically possible for him to have committed the crimes charged as he was present elsewhere when they were committed. *United States v. Wright,* 48 C.M.R. 295 (A.F.C.M.R.1974), pet. denied, —— M.J. —— (17 July 1974). In effect, he asserted that he did not participate in the commission of any of the offenses charged. An instruction concerning accomplice testimony, then, could well have been considered by the court members to be an indication that the accused did participate in the offenses. It could have harmed rather than aided his defense. Perhaps this may have been the

reason why the accused's counsel did not request an instruction on accomplice testimony. *Starks v. United States,* supra. Instead, trial defense counsel requested the military judge to amplify on the general instructions concerning the credibility of witnesses * by including in the instruction the statement: "When a witness is found to be untruthful in part of his testimony, the balance of his testimony should be viewed with caution and carefully evaluated." The instruction was given by the military judge as requested.

The problem presented to the defense of an accused concerning an instruction on accomplice testimony in a case such as the one before us was considered in *Diaz,* supra. There, Judge Duncan speaking for the Court of Military Appeals said:

> Submission of the question as a fact issue to the members of the court inherently holds certain risks for an accused who seeks a cautionary instruction regarding the testimony's potential for unreliability. When submitted as a fact question some areas of a witness' testimony must be believed before the accomplice relations can be deemed to have existed. Thereafter, the fact finders are asked to view the balance of a witness' relevant testimony with an eye ready to see untruth. Needless to say such a procedure is not perfect, but it is also not per se unjust. Viewed from the other perspective, a finding by a judge that a witness is an accomplice as a matter of law might be taken by the fact finders as declarative of the judge's persuasion that the accused was involved with the witness in the commission of the offense. Each situation is not without evidentiary awkwardness.

 Assuming without deciding that the witnesses Smith, Simpson, and Gilson were accomplices of the accused and their testimony uncorroborated, we would not find it to be self-contradictory, incredible, or improbable. Manual for Courts-Martial, supra, paragraph 153*a.* There was nothing incredible or unsubstantial about the testimony they gave. They gave substantially the same believable accounts of the activities of the accused which each had witnessed while in each other's company and upon which the charges were based. See *Davis v. United States,* 411 F.2d 1126 (5 Cir. 1969).

Considering all the circumstances of this case and the conduct of the trial as a whole, we do not find a situation which is exceptional. Accordingly, the absence of a *sua sponte* instruction concerning the testimony of accomplice witnesses does not require us to act in order to prevent plain error or a miscarriage of justice. *United States v. Gilliam,* supra; *United States v. Diaz,* supra; *United States v. Stephen,* supra; *United States v. Lell,* supra.

The findings of guilty and the sentence are

Affirmed.

ROBERTS, Senior Judge, and HERMAN, Judge, concur.

---

* Air Force Manual 111–2, Court-Martial Instructions Guide, paragraph 2–5, 15 October 1971.