JOHN R. GIBSON, Circuit Judge,
concurring specially.
I concur fully in the opinion of the court today. However, I have two concerns with the conduct of the trial that cause me to expand upon the court’s discussion.
By pre-trial order, the district court limited the trial time to thirty hours, dividing the time equally between plaintiff and defendant. Each party’s fifteen hours included jury selection, opening statements, direct and cross examination of witnesses, hearings outside the presence of the jury on objections and other matters, and closing arguments. The court told counsel, “[Wjhen you’re on your feet, the clock is running.” The stop-watch was kept by the judge’s law clerk. Catipovic argues that the court erred in so limiting his case. As the court today correctly concludes, Cati-povic failed to preserve this objection; when the district court asked him, after his last witness, whether he had more evidence, counsel replied, “There is none, Your Honor.”
*959 Under these circumstances, I agree that there is no reversible error, but nevertheless, I think it is well to recall the language in Johnson v. Ashby, 808 F.2d 676, 678 (8th Cir.1987), penned by the late Judge Richard Sheppard Arnold:
Trial courts have discretion to place reasonable limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence. See Fed.R.Evid. 403, 611; MCI Communications Corp. v. American Tel. & Tel. Co., 708 F.2d 1081, 1171 (7th Cir.), cert. denied, 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983); United States v. Article of Drug Consisting of 572 Boxes, More or Less, 415 F.2d 390, 392 (5th Cir.1969). “[I]n this era of crowded district court dockets federal district court judges not only may but must exercise strict control over the length of trials.” Flaminio v. Honda Motor Co., Ltd., 733 F.2d 463, 473 (7th Cir.1984). Nonetheless, it may be an abuse of the trial court’s discretion to exclude probative, non-cumulative evidence simply because its introduction will cause delay, and any time limits formulated in advance of trial must be fashioned with this in mind. Such limits should be “sufficiently flexible to accommodate adjustment if it appears during trial that the court’s initial assessment was too restrictive.” MCI, 708 F.2d at 1171 (footnote omitted).
Accordingly, we join the Seventh Circuit in disapproving rigid hour limits such as those initially suggested here. See Flaminio, 733 F.2d at 473 (disapproving a rigid hour limitation involving a time-keeping method “almost as complicated as in a professional football game.”) We further think that limits like those ultimately adopted by the District Court, if too strictly adhered to, would also be improper.
Further, with respect to the district court’s grant of judgment as a matter of law at the conclusion of plaintiffs evidence, I think it also well to remember language also penned by Judge Richard Arnold in Dace v. ACF Industries, Inc., 722 F.2d 374, 379 n. 9 (8th Cir.1983), adhered to on denial of rehearing, 728 F.2d 976 (8th Cir.1984):
This case illustrates again that it is usually better practice for a district court, faced with a motion for directed verdict, to allow the case to go to the jury, and address the issue by way of judgment n.o.v. if necessary. The jury may find for the moving party, in which case the issue disappears. If the verdict is against the moving party, and if judgment n.o.v. is granted, and if this Court decides on appeal that it should have been denied, the verdict can simply be reinstated, and no new trial is necessary.